*William Pinder* v. *John I. Morris.*

WILLIAMS moved to set aside the judgment and execution in this suit, or to enter up satisfaction on the judgment obtained therein on a sealed note, upon production of a written discharge from the plaintiff, containing a complete release of all demands, costs, &c. and a receipt for the balance due, which the defendant swore he paid in full consideration of the note, and without knowing that any third person had an interest therein.

*Tiffany* objected to the application, because the attorney had a *lien* on the debt for his costs, and might by this species of settlement be cut out. He contended also, that the rule would be inefficacious, as the judgment entered was against *Morrison*, and the order of court would be in a suit where the defendant was named *Morris.*

*Per Curiam.* From the case of *Welsh* v. *Hole,* Doug. 238. sanctioned by *Mikhell* v. *Oldfield,* 4 *D. & E.* 123. and *Read* v. *Dupper,* 6 *D. & E.* 361. if the defendant pay to the plaintiff debt and costs, after notice from the attorney of the plaintiff not to do so, he pays the costs in his own wrong, and Lord *Mansfield* said, the court could not go further. If the adverse party applied to the court to cancel the judgment by a set-off, then the court would take care that the attorney's bill should be paid. In the case of *Spencer* v. *White, April* term, 1799, the court qualified the right of the plaintiff's attorney, even in the

3 R

case of a set-off. The present motion must, there-fore, be granted, as there is no pretence of notice to the defendant, or of any collusion between him and the plaintiff, to deprive the attorney of his costs. As to the variance between the names, this is a rule grant-ed in the cause of *Pinder* v. *Morris*, and it will never be an authority for entering satisfaction on a judgment in one against *Morrison.*