BENJAMIN F. CRAGIN vs. JOSEPH I. TRAVIS.

JOSEPH I. TRAVIS vs. MOSES CRAGIN, AARON CRAGIN, and BENJAMIN F. CRAGIN.

An attorney can not enforce the payment first of his taxed costs against defendant, on a judgment in favor of plaintiff, his client, who is compelled to set off the judgment against one in favor of the defendant against plaintiff. He must look to his client for costs in such cases, where the amount of the judgment is satisfied by the set off.

*Motion by Joseph I. Travis, plaintiff in the second cause, to set off the judgment in the first cause, or so much thereof as would be sufficient to satisfy the judgment in the second cause.*—Travis recovered judgment in the second cause on the 4th of May, 1840, in assumpsit, for $517·03 damages and costs ; upon which there was due on the 20th of March, 1845, $676·27, principal and interest. Benjamin F. Cragin, one of the defendants in the second cause, recovered a judgment on the 20th March, 1845, against said Travis, in slander, for $604·17 damages and costs, which was unsatisfied, both judgments obtained in this court. Benjamin F. Cragin signed a consent to D. Brush, attorney for Travis, that the set off might be made as was asked in the notice of motion, which consent was dated 31st March, 1845. This motion was opposed by A. Williams, Esq., attorney for Benjamin F. Cragin, on the ground that he claimed the amount of his costs, to be first paid out of the judgment in the first suit before set off; that he had given written notice to Travis, on the 17th February, 1845, not to settle, arrange in any manner, or pay the amount of his taxable costs in said first cause, as he (Williams) looked to him (Travis) personally therefor. On the 20th March, 1845, Williams served another notice on Travis, stating that the costs had been taxed at $204·17, and that they belonged to him personally, and not to the plaintiff, and forbid said Travis to pay the same, or any part thereof, to the plaintiff (Cragin), or to settle the same with Cragin or any other person other than with him (Williams). Williams offered to set off the amount of the verdict in the first cause, against the judgment in the second cause ; but Brush, attorney for Travis, refused to do it. Williams alleged Brush had procured Cragin's consent to the set off, with a view to defeat his claim for costs, knowing that Cragin was poor and unable to pay.

N. HILL Jr., *Coun. for mo.,* cited 4 Hill, 559. D. BRUSH, *Atty for mo.*

C. STEVENS, *Counsel opposed.* A. WILLIAMS, *Atty opposed.*

BRONSON, Chief Justice.—Decided that the claim of the attorney for costs had nothing to do with the set off between the parties. He must look to his client for them.

*Decision.*—Motion granted.