## NICHOLAS LONGWORTH v. ROBERT D. HANDY.

### (No. 8,022.)

1. The sixth section of the act regulating the admission and practice of attorneys and counselors at law, (3 Curwen, 2345,) authorizing summary proceedings on behalf of clients to enforce the payment of money collected for them, is penal in its character and to be strictly construed.

2. It must appear that the relation of attorney and client subsists between the party making the motion and the party sought to be charged by it. The provision does not extend to the assignee of the client.

Nicholas Longworth *v.* Robert D. Handy.

3. It does not apply, when the attorney has a *bona fide* claim upon the fund collected or acts in good faith in refusing to pay it over, as when some other party makes a claim upon it.

4. It is no excuse for the refusal of an attorney to pay over, that his client refuses to give a receipt on settlement. The duty is absolute to pay on demand, and the law imposes no obligation on a party receiving money to give an acquittance for it.

5. An attorney has a lien upon his clients papers and documents in his possession, for expenditures in the cause, and also for a general balance, due on account of costs. He has also a lien upon a judgment obtained by him for the advancements and disbursements made by him in the progress of the cause, and such fees as are included in the bill of costs. This lien is founded on the principle of an equitable assignment, and to render it effectual as against the judgment debtor, he must be notified; but it takes effect as against the assignee of the judgment creditor without notice.

6. In England and some of the States this lien is confined to costs and disbursements made by the attorney; in others, it has been extended, to include a compensation for professional services. Although the question has never been decided in Ohio, there is no ground ʻin this State for such distinction.

7. A court of equity, distributing a fund in its possession, will protect the claims of solicitors upon it, and when an attorney has collected and received the money on a judgment, he is entitled as against his client and his assignee, to retain out of it, a reasonable compensation for his services.

8. If he does so, the court will not, on a motion to amerce, inquire into the reasonableness of the fee deducted, further than to ascertain whether the claim is made in good faith, and if so, will limit the parties to their action.

GENERAL TERM.—The plaintiff as assignee of a judgment rendered in this court in favor of Henry Albro and against William and John H. Schergens, made his motion to amerce the defendant, attorney for Albro, for not paying over money collected by him on the judgment of *Albro* v. *Schergens.*

The motion was reserved to general term, to determine the questions of law arising upon the facts presented. They are thus stated:

1. Whether an attorney at law who has collected money by an action, in the prosecution of which he has rendered

Nicholas Longworth *v.* Robert D. Handy.

services, has a lien on the fund in his hands, and a right to retain the amount of his claim.

2. Whether in a case where the refusal to pay the whole amount collected in an action proceeds from a demand made in good faith, to retain a part for services rendered, the remedy by motion to amerce is proper.

3. How far the last question would be affected · by the consideration that the attorney made his release or discharge a condition to the payment of any part of the fund collected.

In support of the motion, the plaintiff introduced an affidavit of Albro, in which it is stated that he employed the defendant and his brother, to collect the claim specified in the motion; and at the time of retaining them inquired what fee they would charge for collection; defendant and his partner both replied that in ordinary cases their charge was five per cent. of the amount; that they did undertake the collection of the claim; brought suit upon it, and after four trials of the case obtained judgment, and the amount was paid over to defendant; that he (Albro) had paid defendant twenty dollars on account, and offered to make the whole fee up to one hundred dollars, which defendant declined to receive; and finally, that plaintiff had assigned the judgment to Longworth, before the money had been collected.

A paper was also offered in evidence, signed by Longworth, dated December 24, 1857, addressed to defendant, in which he demands of defendant payment of $516.41, received by him for Henry Albro on a judgment recovered in his favor against John and William Schergens, and assigned to me (Longworth), before payment was made to you, less five per cent collection fee, crediting payment already made; " and on payment, according to the terms of this demand, to the bearer hereof, he is authorized in my name to give you a receipt for the same." Also, an affidavit of James T. Worthington, in which it is stated, that on the same day, December 24, as attorney of Longworth, and under his instructions, he demanded of the defendant that he should

Nicholas Longworth *v.* Robert D. Handy.

pay over to Longworth the amount due him, over and above the fee claimed by defendant, leaving that for further settlement; and that defendant refused to pay over anything to Longworth, unless the balance admitted by defendant to be due should be received in full settlement by Longworth.

On the part of the defendant was introduced his own affidavit in which it is stated that, in conjunction with his brother, he was employed by Albro to collect in his behalf the claim referred to, without any express agreement between the parties as to the amount of the fee to be charged; that the services of both members of the firm of R. D. & J. H. Handy were required by Albro, and were in fact given, throughout the progress of the case; that the services of both were given throughout three difficult trials of the case, occupying three days each, and one trial of right of property growing out of the same, and occupying both of the attorneys two days; that the amount of time given by them to the matter was in all about thirty days; that they succeeded in getting judgment in favor of Albro for the full amount of his claim and costs, viz: $545.41, and collected the same on the 23d of November, 1857; and on the day following the defendant tendered to Albro payment of $365.41, being the amount due him, less $180, due to defendant and his brother for fees, the whole fee charged being $200; that Albro objected to the amount of the fee charged, but took defendant's check for the balance above named, and gave a receipt on account, refusing to receipt in full; that afterward, on the same day, Albro returned the check and demanded a return of his receipt, saying that Mr. Longworth (to whom the judgment had been assigned) refused to take less than the whole amount collected; and thereupon the receipt of Albro was returned to him. He finally states that he has always been ready to pay over said balance, and has several times offered so to do, and is still ready to pay over, etc.

*Worthington & Matthews*, for plaintiff.

*R. D. Handy*, for defendant.

SPENCER, J., delivered the opinion of the court.

Since this proceeding has been commenced, the defendant, under an order of the court, has paid over to Longworth the amount admitted to be due him, leaving still in his hands $180, claimed as his fee; and the cause awaits further order, and for the proper disposition thereof has been reserved for the settlement of the questions of law pertaining to it.

This proceeding is founded upon the sixth section of the act regulating the admission and practice of attorneys and counselors at law (3 Curwen, 2345), which reads as follows:

"Every attorney receiving money for his client, and refusing or neglecting to pay the same when demanded, shall be proceeded against in a summary way, on motion, before any court of record, either in the county in which judgment shall have been rendered, on which such money shall have been collected, or in the county in which such attorney or counselor shall reside, in the same manner, and be liable to the same penalties, as sheriffs and coroners are liable to, for money received on execution." The law regulating the liability of sheriffs, in such cases, provides that the " sheriff, or other officer, shall on motion in open court, and two days' notice thereof in writing, to be given such sheriff by the plaintiff, or his attorney, be amerced in the amount of said debt, damages and costs, with ten per centum thereon, to and for the use of the said plaintiff or defendant, as the case may be." 3 Chase, 1716, sec. 32; also Code, sec. 451-453.

These provisions, while they are intended to furnish a summary remedy in favor of suitors, or parties to actions, for moneys collected by officers of the court, or standing in that relation, on proceedings in court, where the amount of

Nicholas Longworth *v.* Robert D. Handy.

the party's claim is clearly ascertained, are, nevertheless also penal in their character; and so far, at least, as a penalty is asked to be enforced, must receive a strict construction. In *Duncan* v. *Drakely*, 10 Ohio, 47, the court say, " in proceedings under the statute authorizing the amercement of an officer, great strictness is required ; and he who would avail himself of the remedy therein provided, must bring himself both within the letter and spirit of the law, because the remedy is summary, and in its consequences highly penal. There is no trial by jury, and but little, if any, discretion is left to the court." And in *Webb* v. *Anspach et al.* 3 Ohio St. 527, such proceedings are said to be " *strictissimi juris.*"

With regard to attorneys and counselors, to authorize such a summary proceeding, it must appear that the relation of attorney and client subsists between the party making the motion and the party sought to be charged by it. The language of the law is, " every attorney receiving money for his *client*, and refusing to pay the same when demanded, shall be proceeded against in a summary way, on motion," etc. The provision does not extend in terms to the assignee of the client. Nor is it natural that it should. Between the assignee and the attorney the fiduciary relation of attorney and client does not exist—clearly not when the money is received by the attorney before notice of the assignment. And to require him, at his peril, to determine the rights of the assignee, or an attaching creditor, under penalty of amercement, would in many, if not in most cases, subject an attorney to great embarrassment. The confidence between attorney and client is mutual and reciprocal, the client relying on the fidelity of the attorney to pay over on demand, and the attorney depending upon the justice of his client in making adequate compensation for his services rendered. But where a judgment has been assigned by the client, there is no such mutual confidence subsisting between the attorney and assignee. There is no voluntary relation whatever established between them. Assuming the attor-

Nicholas Longworth *v.* Robert D. Handy.

ney to have a claim upon the amount collected, for his just compensation, the client may be well supposed to know the extent and value of the services rendered by the attorney, and is, therefore, the fittest person to settle with him in regard to them. Of these the assignee can form but little judgment, and the attorney should not be thrown upon him for settlement, at his peril.

It seems to us, therefore, that the remedy by amercement was not intended to be given to an assignee of a judgment, or claim for money collected upon it by an attorney, between whom and the assignee the relation of attorney and client does not exist. And such we understand to be the practice in the English courts, where it has been held that the court will not order an attorney to pay over a sum of money received by him, except upon the application of the client to whom the money is due. 1 Nev. & Man. 262 ; 4 Barn. & Ad. 424. *Kemp* v. *Burt.*

Waiving this point, however, as to which it is not now necessary perhaps to express a positive opinion, we have no doubt that the proceeding to amerce is so far penal in its character, as that it does not apply to a case where the attorney has a *bona fide* claim upon the fund collected, or acts in good faith in refusing to pay it over—as for example, where some other party makes a claim upon it. The statute undoubtedly contemplates a case where the duty of the attorney to pay over is clear, and where his failure to do so is a breach of the confidence reposed in him by his client.

It is no excuse for the refusal of an attorney to pay over, that his client refuses to give him a receipt on settlement. His duty is absolute to pay on demand, and the law imposes no obligation on a party receiving money in payment to give an acquittance for it. *A fortiori*, where an attorney who has received money admits that a certain portion of it justly belongs to his client, he has no right to refuse to pay over such portion, because of the refusal of the client to

6

give him an acquittance for the whole sum collected, or otherwise to settle his account.

In the present case, it is not pretended that the defendant, at any time, refused to pay over to Albro all that he admitted to be due him, or that he required from Albro, in any wise, an acquittance.  On the contrary, as appears from his own affidavit, which stands uncontradicted, the defendant offered to pay Albro the amount admitted by defendant to be his due, and give him a check for the amount, which was received, and afterward returned because Mr. Longworth refused to receive less than the whole amount collected; and defendant further insists that he has always been ready and willing to pay this amount to Albro.

It is claimed, however, that the defendant refused, upon an application of Mr. Longworth, to pay over to him the amount admitted to be due, without a receipt in full from him.   It is true, that had the defendant made such payment, he would have been protected in law from any claim by Albro.   But it is not by any means clear that he was bound to pay over anything to Longworth, until he had some authority from Albro, or that he was bound to settle with Longworth at all.   He had a right, at least, to wait until an opportunity to settle with Albro had occurred, and proved fruitless.   He was not bound, as it seems to us, to settle with both parties, or rather to have two settlements.   So far, then, as the refusal to pay over to Longworth, on demand, the admitted balance in his hands is concerned, we do not see that such a want of good faith is exhibited, as requires that the defendant should be amerced on that ground.

The only remaining, and indeed the chief question in the case, is whether the defendant is culpable for not paying over to Albro, or to Longworth, on demand, the full amount of the judgment collected.   The defendant, it will be observed, claimed to retain a certain sum, out of the fund collected, as a reasonable compensation for professional services rendered in such collection.   Had he a right to make

any such claim as against Albro, or his assignee? If he had, was the right exercised in good faith?

The question as to whether an attorney at law in Ohio has a lien upon his client's papers, in his possession, or upon the judgment rendered in his client's favor, does not appear to be settled by any authoritative judicial decision. Nor does it seem to us to be absolutely necessary to decide it in the present case. The principles, however, upon which such a claim is made to rest elsewhere, will aid us materially in determining the question in controversy.

So far as a lien upon papers and documents in the attorney's hands is concerned, it is well settled, in the courts of common law, that such a lien does exist for expenditures in the cause, and even for a general balance due the attorney in the course of general employment. See 1 Foster, 340, *Wright* v. *Cobleigh.* Such lien, like any other at common law, depends upon possession of the subject of it.

It seems equally well settled in England, and in some if not all of the States of this Union, that a lien exists in favor of an attorney, upon a judgment obtained by him, for the advancements and disbursements made by him in the progress of the cause, and such as are usually included in the bill of costs. The lien thus allowed is *sui generis.* It does not depend upon possession, because the attorney can not be said in any sense to have possession or exclusive control over the judgment. But it is founded in the principle of an equitable assignment of an interest in the judgment, to the extent of the advances made. To render it effectual, as against the judgment debtor, it is necessary for the attorney to notify him of the extent of his claim, and that he intends to enforce it. 1 Doug. 238; 6 T. R. 361; 2 B. & Ad. 413; 22 E. C. L. 113; 1 Foster, 340; 3 Caines, 165; 15 Vermont, 544; 2 Wallace, Jr. 479; 7 Harris, 95; 8 English (Ark.) 193.

But as to an assignee of the judgment—he stands in the place of the assignor, and has no greater equity than the latter has, and therefore takes subject to the prior equity of the attorney; so that as against him the lien exists without

notice.    8 English, 193, *Sexton* v. *Pike*.    And if he collect
the money upon the judgment may be compelled to refund
to the extent of the lien.    *Ibid.*

In England, and in some of the American States, this lien
has been confined to costs and disbursements incurred or
made by the attorney in the case, and has not been extended
to services rendered, (see cases above cited,) while in other
States it has been held to compensate the attorney for all
his services, as well as expenditures in the case.    7 Harris,
95 ; 2 Wallace, Jr. 479 ; 8 English, 193.

The reason for this distinction, between a claim for dis-
bursements and for services, undoubtedly had its origin in
the consideration that professional services, rendered in pro-
curing the administration of justice, were not considered the
subject of compensation or reward at common law.    But
there is no ground for any such distinction in Ohio, nor in
most of our sister States.    Here we hold that such services
are not merely honorary, but meritorious, deserving of
recompense ; and hence enforce payment of them by suit,
as much so as the repayment of advances made ; and
whether an attorney expends his labor, his time, or his
money, in securing to his client the fruit of his claim, it
would seem as if he had an equally just claim upon that
fruit, for his recompense.

In *ex parte Plitt*, 2 Wallace, Jr. 479, the court say, " we
have no doubt of the power of the court, where a fund is
within its control, to take care of the rights of the solicitors
who have claims against it, whether for their costs, techni-
cally speaking, or their reasonable counsel fees.    We can re-
gard them in no other light than as meritorious assignees of
a part interest, and they are so regarded in the English
chancery;" citing *White* v. *Pearce*, 7 Hare, 278, and other
cases.

In ordinary cases, the attorney relies upon the judgment
as a means of procuring recompense from his client for
his services rendered, and it is in consonance with immem-
orial usage here to retain, from the sum collected, the am-

ount of his reasonable fee. If a court of equity will protect his claim upon the fund within its control for distribution, how much more should his claim upon the fund be respected when within his own possession, and is acquired by his own industry.

However then the question might be decided, with regard to the defendant's lien upon this judgment, before collection, it seems to us clear, as well upon principle, as upon acknowledged general usage, that as against Albro, the plaintiff in the judgment, the present defendant had a right to retain, from the amount collected by him, a reasonable fee for his trouble. Nor is it any less clear that he has the same right to retain as against Longworth, the assignee of Albro. The service rendered by the defendant for Albro was an entire thing from the commencement of the suit until it ended in fruition, by collection of the money. Before the result was complete Albro assigned to Longworth. There is no pretense that the defendant had notice of this assignment, until the money had been collected as Albro's. Longworth himself allowed it to be so collected. The equity of the defendant to retain for his services was at least equal to that of Longworth under the assignment, and was accompanied by actual possession. No action at common law could have been maintained by Longworth against the defendant, and he could have no better equity against him than Albro had.

Holding that the defendant had a right to retain a reasonable fee, the only remaining inquiry is whether it has been exercised in good faith. If so, the motion to amerce must fail, and the plaintiff be remitted to his action. The court is not called upon, in this summary way, to fix the measure of compensation as between attorney and client, further than to ascertain whether the claim of the former is made in good faith. The rule applicable to such cases is stated in *Balsbaugh* v. *Frazer*, 7 Harris, 99, thus: " An attorney, who has money in his hands which he has recovered for his client, may deduct his fees from the amount, and payment of the

balance is all that can be lawfully demanded. If the client is dissatisfied with the sum retained, he may either bring suit against the attorney, or take a rule upon him. In the latter case, the court will compel immediate justice, or inflict summary punishment on the attorney, if the sum retained be such as to show a fraudulent intent. But if the answer to the rule convinces the court that it was held back in good faith, and believed not to be more than an honest compensation, the rule will be dismissed, and the client remitted to a jury trial."

The case before us does not disclose any fraudulent or wrongful intent on the part of the defendant. The fee is seemingly very large, in proportion to the benefit derived by Albro, or his assignee, from the services rendered; yet we can not say that it is clearly disproportioned to the labor performed. Thirty days are said to have been spent by the defendant and his associate, in managing the cause. If well employed, the fee charged would not be deemed extravagant. It may or may not be that so much time and labor were necessary to its proper management. On this point we have no evidence on either side, and are not called upon to pronounce. It is enough that the defendant has shown his claim to be made with an honest belief in its justice. This is sufficient to shield him from an amercement. The motion, therefore, should be dismissed, leaving the plaintiff to pursue such other remedy as he may deem proper.

Motion to amerce overruled.