# BROOKS *a.* HANFORD.

*Supreme Court, Second District; General Term, December,* 1859.

ASSIGNABILTY.—SET-OFF.—ATTORNEY'S LIEN.

The right of action for a personal tort is not assignable, even after verdict thereon.
The right of set-off is superior to the attorney's lien.*

Appeal from an order of the City Court of Brooklyn, directing judgments to be set off.

---

* In the case of RICHARDSON *a.* THE BROOKLYN CITY AND NEWTOWN RAILROAD COMPANY (*Supreme Court, Second District; Special Term, January,* 1863), it was *held* that the lien or right of an attorney may, by agreement, extend to any sum or amount stipulated ; and that, in the absence of a special agreement, the taxable costs are *prima facie* the measure of the attorney's compensation.

The case came up on motion for resettlement and modification of an order.

Judgment was recovered in this action on the 8th day of March, 1862, for $1377.24, by the plaintiff, Charles O. Richardson, and an appeal taken therefrom by the defendant to the general term. The judgment was subsequently assigned to William Cutler, and pending negotiations for settlement of the amount which the attorney of the plaintiff was entitled to for his services, the appeal was noticed for argument ; and, on being called, objection was made by the attorney of the assignee to the appeal being argued by the attorney for the plaintiff, or any counsel employed by him, as the assignee wished his own attorney substituted in place of the attorney of record. The court ordered the case off for the term, because the real party interested in said judgment was not represented in the action.

On the 10th day of January, 1863, an order of reference was entered, by consent of counsel for plaintiff, to ascertain and report to the court the amount of taxable costs due the attorney for the plaintiff ; and further, that on payment of the costs so reported to be due said attorney, the attorney of the assignee should be substituted in place of the attorney of record.

The present motion was made at special term for resettlement and modification of this order, by striking out the words " taxable costs," and inserting in lieu thereof the amount of the lien on the judgment, or such other modification as will include and cover the actual amount of the lien of the attorney on the judgment.

The plaintiff swore that there was no agreement between him and his attorney,. respecting the compensation of his attorney for his services in said action.

*Silvanus D. Lewis,* for the motion.—The amount of the lien on said judgment was limited to the taxable costs, by an oversight of the counsel. The counsel was not authorized to consent to such an order. The attorney had a lien upon the

Brooks *a.* Hanford.

This was an action by Daniel Brooks against William H. Hanford, to recover damages for assault and battery. The facts are fully stated in the opinion.

---

judgment for much more than the taxable costs for his counsel-fees, disbursements, and other expenses, already incurred. (Wilkins *a.* Battermen, 4 *Barb.*, 47; Creighton *a.* Ingersoll, 20 *Ib.*, 541; Sherwood *a.* Buffalo & N. Y. City R. R. Co., 12 *How. Pr.*, 136; Stow *a.* Hamilton, 11 *Ib.*, 452; Ward *a.* Wordsworth, 1 *E. D. Smith*, 598 (approved and concurred in by the Court of Appeals, in 1 *N. Y.*, 368); Easton *a.* Smith, 1 *E. D. Smith*, 318; McKenzie *a.* Rhodes, 13 *Abbotts' Pr.*, 337; Ackerman *a.* Ackerman, 14 *Ib.*, 229; Hall *a.* Ayer, 9 *Ib.*, 220; Hoffman *a.* Van Nostrand, 14 *Ib.*, 336; Garr *a.* Mairet, 1 *Hilt.*, 498; Moore *a.* Westervelt, 3 *Sandf.*, 762; *Code,* § 303.)

*Andrew H. Hitchcock,* opposed.—There was no agreement between the plaintiff and his attorney, respecting the compensation of the attorney of the plaintiff for his services in said action, and in such case, the attorney's lien is limited to the taxable costs. Substitution will be ordered, without requiring the attorney's lien to be satisfied. (Haight *a.* Holcomb, 7 *Abbotts' Pr.*, 210; S. C., 16 *How. Pr.*, 173; Rooney *a.* Second Avenue R. R. Co., 18 *N. Y.*, 368; Ward *a.* Wadsworth, 1 *E. D. Smith*, 598, 608.)

LOTT, J.—Motion denied without costs, but without prejudice to the lien or right of Mr. Wheeler, if he has any beyond the taxable costs referred to in the order of Dec. 10, 1862, or to the judgment on the final recovery to be had in the action as against the assignee of the judgment or claim; and the order may be amended by inserting a provision therein to that effect, or by the entering of a new order declaratory thereof. The weight of the authorities cited by Mr. Wheeler's counsel is, to declare that the lien or right of an attorney may, by agreement, extend beyond the taxable costs to any sum or amount stipulated, but that, in the absence of such agreement, the taxable costs are *prima facie* the measure of his compensation. (Keenan *a.* Dorflinger, 19 *How. Pr.*, 153; Hall *a.* Ayer, 9 *Abbotts' Pr.*, 220; S. C., 19 *How. Pr.*, 91; Rooney *a.* Second Avenue R. R. Co., 18 *N. Y.*, 368, where it is said by Judge Harris: In the absence of any agreement on the subject, I suppose the sum recovered by the party as an indemnity for his expenses would be the measure of compensation allowed to the attorney.) This, then, would be the extent of his lien. And Judge Comstock says, if there is a special agreement, that will take the place of the pre-existing statutory rates, but does not express any definite opinion as to the rule if there be no such agreement. (See, also, Creighton *a.* Ingersoll, 20 *Barb.*, 541.) No special agreement is alleged by Mr. Wheeler. It is true that he says that he has a *bona-fide* and actual lien upon the judgment in this action, for much more than the taxable costs for counsel-fees, disbursements, and the expenses already incurred; but he does not state how it has been acquired, and I can only look upon and treat the statements as his opinion in relation to his legal rights. The plaintiff, on the contrary, swears that at the time he employed said Wheeler, or at any other time, no agreement was made or entered into between said Wheeler and this deponent, respecting the compensation of said Wheeler for his services in said action, or the amount thereof, or when or how he was to be paid. Under such circumstances, I am of the opinion that the order of 10th December last is as favorable to Mr. Wheeler in refer-

*Charles M. Briggs*, appellant, in person.

*Richard H. Huntley*, for the respondent.—I. The appeal should be dismissed. (*Code*, § 325; Martin *a*. Kanouse, 2 *Abbott's Pr.*, 390.)

II. This action for assault and battery was not assignable till it became a debt. It did not become a debt till judgment. Mr. Briggs can take no right under the assignment. (Crouch *a*. Gridley, 6 *Hill*, 250; Davenport *a*. Ludlow, 4 *How. Pr.*, 337; Kellogg *a*. Schuyler, 2 *Den.*, 73; Nash *a*. Hamilton, 3 *Abbotts' Pr.*, 35.)

III. The lien of the attorney is no ground for an objection to the set-off. (Porter *a*. Lane, 8 *Johns.*, 357; Ross *a*. Dole, 13 *Ib.*, 306; Cooper *a*. Bigelow, 1 *Cow.*, 206; People *a*. N. Y. Common Pleas, 13 *Wend.*, 649; Ferguson *a*. Bassett, 4 *How. Pr.*, 168; Nicoll *a*. Nicoll, 16 *Wend.*, 446.)

IV. The attorney has no lien till judgment. (Brown *a*. Comstock, 10 *Barb.*, 67; Sweet *a*. Bartlett, 4 *Sandf.*, 661; Ward *a*. Wordsworth, 1 *E. D. Smith*, 598, 604.)

V. The remedy is properly sought by motion. (People *a*. N. Y. Common Pleas, 13 *Wend*, 649; Ewen *a*. Terry, 8 *Cow.*, 126.) And the plaintiff, having brought himself under the jurisdiction of the City Court, voluntarily submitted to its order. (Kimball *a*. Munger, 2 *Hill*, 364.)

VI. The attorney's lien is not on the costs as such, but on the entire judgment. The costs belong to the party, and not to the attorney. (1 *Rev. Stat.*, 3 ed., 343; 2 *Ib.*, 703; *Code*, § 303, last clause; Ward *a*. Wordsworth, 1 *E. D. Smith*, 598, 604.)

By the Court.*—Brown, J.—1. This is an appeal from an order made by the City Court of Brooklyn in this action. It appears by the papers that one Samuel Hanford recovered a judgment, before a justice of the peace, against the above-named plaintiff, Daniel Brooks, for the sum of $90.28, on the

---

ence to the amount to be paid to him on substitution of another attorney as he is entitled to. (Stevenson *a*. Stevenson, 3 *Edw.*, 340; Trust *a*. Repoor, 15 *How. Pr.*, 570.) The provision I have directed to be made for his benefit, will fully protect his rights as to a large claim.

\* Present. Brown, Emott, and Lott, JJ.

25th of June, 1858, which was docketed in the office of the clerk of the county of Kings, before the trial of the present action. On the 10th of September, 1858, the same was duly assigned to the defendant Hanford. On the 15th day of September, the present action, which was for an assault and battery upon the person of the plaintiff, Brooks, was tried in the City Court, Brooklyn, and a verdict therein rendered for the plaintiff for the sum of $25. Judgment was afterwards perfected upon the verdict for the said sum of $25 damages, and $25 costs, in all $50, but the precise day on which it was entered does not appear.

2. On the 16th day of September, 1858, and before the judgment was entered or perfected on the verdict, the same, with any judgment to be entered thereon, was duly assigned to Charles M. Briggs, the attorney for the plaintiff. And, on the 7th of December, 1858, the City Court, upon due notice, and upon the motion of the defendant, William H. Hanford, ordered the judgment entered up in this action to be offset against the judgment obtained in the justice's court against the plaintiff Brooks, and which had been assigned to the defendant Hanford. From this order Charles M. Briggs has appealed.

3. The right of action for a personal tort is not assignable. Such rights do not survive to the personal representatives; they die with the person, and of course do not pass by deed of assignment. This is the settled doctrine. (See Zabriskie *a.* Smith, 13 *N. Y.*, 322.)

4. The rendering of the verdict did not alter the nature of the claim. It liquidated the amount of the damages which the plaintiff was to recover, but the claim remained the same. The verdict was but a stage in the progress of the cause, and there was no debt or claim which would pass by assignment until the judgment was perfected. (Crouch *a.* Gridley, 6 *Hill*, 250; Kellogg *a.* Schuyler, 2 *Den.*, 73.)

5. It follows, that Charles M. Briggs took nothing by the assignment.

6. The moment the judgment was perfected the right of setoff attached. The defendant was then, and had been for several days, the assignee and owner of the judgment against Brooks. His right was superior to the attorney's lien. An attorney's lien is no bar to a bill filed to obtain a set-off, nor is it a bar

when the question arises on a trial at law. In Nicoll a. Nicoll (16 *Wend.*, 446), decided in the Court of Errors, it is said, "No authority can be produced, where the attorney's lien was ever recognized, on a trial at law, as barring a set-off, the right to which would be otherwise perfect."

The order appealed from should be affirmed.