## SUPREME COURT.

### GEORGE K. ROBERTS agt. JOHN W. CARTER and EDMUND TERRY.

An *assignee* of any thing but commercial paper, when he takes it *bona fide*, is liable to *all the equities* which exist against the demand while in the hands of the *assignor*.

In an action to *set off judgments*, one against the other, the statute of set-off must control; and the equities of the parties are paramount to the *attorney's lien for costs*.

*New York General Term, May,* 1862.
INGRAHAM, CLERKE and GOULD, *Justices.*

#### Statement of facts.

THIS was an action to set off judgments, one against the other. On the 21st of July, 1857, the plaintiff Roberts had a report of a referee in his favor for $820, and Carter had a report of a referee against Roberts for $149.17 ; and on same day Carter, without notice to Roberts or his attorney, assigned said report to Terry, his lawyer, who, on the 22d of July, 1857, by an *ex parte* order made by Justice BIRDSEYE, (2d district,) was substituted plaintiff in place of Carter, and entered up judgment in his own name as plaintiff, instead of Carter's. (*See this case,* 15 *How. Pr. R.,* 65.) Plaintiff entered up his judgment against Carter for $1,040.12. Carter, as assigned to Terry, entered judgment against Roberts for $360.39. Excess of Roberts' judgment over Carter's, $679.73. The cause was brought to trial before the court at special term, Mr. Justice MULLIN presiding, who, on the 19th November, 1859, ordered judgment for the defendants, and that the complaint be dismissed, with costs. From this judgment the plaintiff appealed to the general term.

JOHN FITCH, *attorney and counsel for plaintiff.*

The assignment from Carter to Terry was *ex parte*. Roberts was not bound by it. The plaintiff was injured by. it. (11 *How.*, 380.)

Terry, as an assignee of Carter, with full knowledge of the suits, must take the claim subject to all the equities. (5 *Cow.*, 376 ; 11 *How.*, 380 ; *Terry* agt. *Roberts*, 15 *How.*, 65.)

The court could not impose a condition. (6 *How.*, 220 ; 11 *How.*, 365.)

When, *pendente lite*, in an action on contract, the plaintiff sells and assigns the subject matter of the action to a third person, he will not be substituted as plaintiff on motion of the plaintiff to the record, and without notice to him. The alleged purchaser is the person to move for substitution, and he should do so on notice to the plaintiff as well as to the defendant. Even in such case, it is not a matter of course to order a substitution without imposing any conditions. (*Howard & Brown* agt. *Taylor*, 11 *How.*, 380.)

Where a party is substituted as plaintiff, without notice to the opposite party, the party so substituted stands in the shoes of the assignee, and is subject in equity, at least, to the same set off as the original party would have been. (This is in accordance with *Howard & Brown* agt. *Taylor*, 11 *How.*, 380 ; *see also Chappell* agt. *Potter*, *id.*, 365 ; *Terry* agt. *Roberts*, 15 *id.*, 65.)

The case of *Nash* agt. *Hamilton*, (3 *Abb.*, *p.* 35, 6*th district general term*,) was where the party (defendants) had notice of the assignment. But in this case Roberts did not have any notice of the assignment ; it was done *ex parte;* and in this case (3 *Abb.*) the court held, " that no set off could arise against it unless one in favor of the defendant. And in 1 *Cow.*, 56, 206 ; 4 *Hill*, 561, the court say, " if the right of set off exists at the time of the assignment, the assignee takes subject to all the equitable as well as legal claims which might be urged against the assignor at the

time of the assignment." And the court say, (3 *Paige*, 365,) " that the right exists as against the attorney's lien, although the attorney be the assignee."

Judge MULLIN, who tried this cause, in his order for judgment makes the mistake of supposing that Terry (plaintiff, Carter's attorney) was substituted upon a regular motion on notice, because the cases to which he refers are cases where assignments were on notice. Here there was no notice. The order was *ex parte*. By his decision he in effect reverses the decision of this general term (1st district) in *Martin* agt. *Kanouse*, (17 *How.*, 146.)

The only fact necessary for Roberts to have his set off, as far as it would go, was that he and Carter both had equities. (Referee's report of judgments against each other at same point of time.) (2 *R. S.*, 354, § 18, 1*st ed.*; 5 *How.*, 339 ; 4 *id.*, 168 ; 10 *Abb.*, [*general term,*] 384.)

Where an action is brought for the purpose of setting off a judgment owned by the plaintiff, against a judgment for costs in favor of the defendant against the plaintiff, the attorney's lien for costs on the latter judgment cannot be protected or let in to obstruct the set off. It is otherwise where a motion is made to set off judgments. In the latter case the courts proceed without the statute, but in the former they are within it, and they must obey it. (*Martin* agt. *Kanouse*, 17 *How.*, 146 ; *Nicoll* agt. *Nicoll*, 16 *Wend.*, 446.)

The return of the execution unsatisfied, and Carter's imprisonment and discharge as a " poor debtor" under the statute, clearly proved him an insolvent at the time, and the court should have so held.

A new trial should be granted for the reasons set forth in the exceptions to the findings of the court, both law and fact, as are set forth in the case.

E. TERRY, *attorney and counsel for defendants.*

*First.*—Terry was not only the equitable assignee of that

portion of the judgment covering the costs, but he was the actual assignee for value of the whole judgment before the plaintiff Roberts had obtained his judgment, and before his equity arose to set off sufficient to liquidate this judgment againt him.   (17 *How. Pr. R.*, 341.)

*Second.*—There is no proof of insolvency of Carter, at the time he assigned the judgment sought to be canceled by set-off to Terry, July 21st, 1857.

*Third.*—If there was insolvency of Carter, Terry's equity is as great as Roberts', and he was equally entitled to be paid.

*Fourth.*—There was no proof of fraud.

*Fifth.*—All the above points were submitted to the court on the evidence, and unless his decision is clearly against the weight of evidence, his decision is final.

*Sixth.*—The judgment should be affirmed, with costs.

By the court, Gould, Justice.   I do not see that in considering this case, we are necessarily to come in conflict with the decision of this court on a motion in the same matter (as reported in 17 *How.*, 341.)   At page 343 of that case, Mr. Justice Davies expressly makes the distinction between a motion where the court will protect the attorney in his costs, and a suit to compel a set-off according to the provisions of the statute.   And Mr. Justice Clerke, though concurring in the result of denying the motion, does not concur in the ground upon which it is placed.   And no other justice gives any opinion.   We may therefore proceed untrammeled by that case.

Mr. Terry comes into this case as assignee of a claim of his client, (who, according to the subsequent proceedings to obtain his discharge as a poor debtor, must have been then insolvent;) Terry taking the assignment to protect himself, if he could legally, to which there is no objection.

But an assignee of anything but commercial paper, when he takes it *bona fide*, is liable to all the equities which exist

against the demand while in the hands of the assignor. And, with a view to carry this out in case of an assignment, *pendente lite*, the case in 11 *How.* (381) seems to assign the principle that should govern courts in allowing such an assignee to be made party to the suit. " When a substitution cannot prejudice any right or remedy of the defendant, it would be almost a matter of course to permit it. When such a result would be produced by the change, the court would either refuse to permit it, or would grant it only on such terms as would protect the defendant from injury." While, in the case before us, the assignee of Carter was allowed to come in *ex parte*, to the manifest injury of Roberts the defendant.

The opinion of Justice Davies, in *Martin* agt. *Kanouse*, (17 *How.*, 148,) seems much sounder than his opinion above referred to ; and the case he there cites (16 *Wend.*, 446) seems to be a binding one, decided in the court of last resort.

It would seem that the set-off should be allowed, and that therefore the decision of special term must be reversed.

Clerke, J. I concur.