Robertson, Ch, J.
The plaintiff seeks to stay proceedings by the defendant on a judgment obtained by the latter against the former in the Supreme” Court of this state in June last, for nearly one hundred dollars His application is founded on the recovery by .him in January last of a judgment in this court against the defendant for over two hundred and sixty dollars, and the insolvency of the latter. The defendant sets up that such judgment in his favor does not belong to him, but to his attorney, (Mason,) by whom it was assigned to a Mr. Corey ; by whom it was re-assigned to -such attorney ; that such judgment was wholly for costs, and- that it now belongs to and is sought to be collected by such assignee and attorney. Hone of the affidavits show any absolute assignment by the present defendant, to any one, of the judgments in his favor : indeed the notice by his attorney to the plaintiff was of a lien merely. The right of the assignee, therefore, depends on the right of the attorney, as such) to a lien, without an assignment, on the judgment for costs.
Although, on motions to set off judgments, courts can protect their officers by refusing to set them off, so as to defeat an attorney’s lien for his costs ; yet it is fully settled that the statute respecting set-offs overrides the lien of an attorney. (Nicoll v. Nicoll, 16 Wend. 446. Gay v. Gay, 3 Sar. Sent. Ch. 50. Roberts v. Carter, 24 How. Pr. 44. Martin v. Kanouse, 17 id. 146. 9 Abb. Pr. 370, n. Brooks v. Hanford, 15 id. 342. Hayden v. McDermott, 9 id. 14.) This reduces the attorney’s lien to something less tenacious than a pledge or common law lien ; in fact makes it a mere claim on the favor of the court, not to deprive the attorney of it on a mere motion. Indeed in some cases it has been said that he trusts to the responsibility of his client, and his right must be subordinate to the equities of the parties, (Cragin v. Travis, 1 How. Pr. 157. Noxon v. Gregory, 5 id. 339.) The attorney *672 in this case, by not taking an assignment of the costs to accrue, before their recovery, has lost the right of availing himself of a strict construction of the statutes of set-off, by which it seems to be confined to cases of contract reduced to judgment, (2 R. S. 354, § 32 ; Id. 174, § 40,) and does not reach costs or damages on a contract or tort, not yet reduced to judgment. (Robinson v. Weeks, 6 How. Pr. 161. Countryman v. Boyer, 3 id. 386. 2 Code R. 4. Van Pelt v. Same, 8 id. 319. Nash v. Hamilton, 3 Abb. Pr. 35.) The supposed lien of the attorney is, therefore, no obstacle to the continuance of the injunction.
But the plaintiff has appealed from the judgment in favor of the defendant, which appeal is now pending undetermined. This is contrary to the rule that both causes of action must be mutual subjects of set-off against each other, (Hepburn v. Hoag, 6 Cowen, 613 ; Hart v. Brady, 1 Sandf. 626 ; 2 R. S. 354, § 18, subd. 5 ;) and they must be certain and determinate on both sides. (Duncan v. Lyon, 3 John. Ch. 351.) While such appeal is pending, the defendant could not commence an action to set off that judgment against the one recovered by the plaintiff against him. If security were given on such appeal, it would of course stay all proceedings until its determination. If any judgment is to be given in this action, it must be that the judgments be absolutely set off, not merely .in case one be not reversed on appeal. If so set off the plaintiff could not recover the amount, in any form, even if the judgment against him was reversed on appeal. It is no hardship upon him, therefore, to be required to elect to abandon his injunction order or his appeal. The injunction now sought can only be granted as preliminary to the final judgment in the action; it ought not to be granted to be employed instead of an order for a stay of proceedings on the appeal, and giving the necessary security to obtain it. It would be so if the plaintiff could obtain it and then abandon or continue this action according to his success on appeal. Besides, supplementary proceedings have been taken upon the judgment against the plaintiff; to the costs on which the defendant may be entitled. The injunction order, therefore, cap *673 only be continued upon the plaintiff consenting to a dismissal of the appeal brought by him with costs, without prejudice to his filing a supplemental bill in this action to set off his judgment against such judgment for costs; and also upon paying the costs of the supplementary proceedings, if any are pending against him, to be awarded by the officer before whom the same are pending, as they cannot be converted into a judgment.
It does not very clearly appear from any statements in the papers before me on what ground the ex parte order made by the defendant’s consent for the discontinuance of the action in which the defendant recovered judgment, and the satisfaction piece thereof acknowledged by him, were set aside by the court who granted it. As well as I could gather from the statement of counsel, it seems to have been that such act was in fraud of the attorney’s lien. That decision, however, does not involve the same question as this action, since the fraud there complained of must have been some collusion between the plaintiff and defendant, not a right by the former to affect a claim against the latter ; but even if that question had been involved, as it was a mere decision on a motion, by which both parties were left to pursue their separate remedies, it would not control the decision of. the rights of the parties in this action.
I have already disposed of the consideration of the operation of the present injunction order to defeat an action or stay proceedings in it, in another court, by requiring the plaintiff to consent to make the judgment in that action final against him, and yield any resistance thereto on appeal. Other topics, and a great deal of matter foreign to the real questions involved, have been introduced in the papers before me and dragged into the discussion, that scarcely need noticing. The merits of the original causes of action on which the judgments were obtained and the regularity of such judgments are not proper subjects' of collateral inquiry. The actual employment of the attorney whose name appears on the record, or the insufficiency of the defendant as bondsman, are also irrelevant. Even the insolvency of the defendant is immaterial. If there are any other *674 important matters overlooked, it must be attributed _ to the painfully and scarcely legible, and as to some words undecipherable, hand writing of some of the affidavits introduced on which the motion is made and resisted.'
The injunction order may therefore be continued upon the terms already suggested in regard to the appeal and supplementary proceedings, with ten dollars costs to the plaintiff, to abide the event of this action.