FRANKLIN SANDERS *et al.* Respondents, *against* MARTIN GILLETT, Appellant.

(Decided December 2d, 1878.)

The lien of an attorney on a judgment for costs, and his rights as assignee of such judgment, are subject to the equitable right of the party against whom such judgment has been obtained to offset against it a judgment in his favor against such client, the assignor. Such offset will generally be granted when the client is insolvent.

APPEAL from an order made by this court at special term, granting a motion to offset judgments.

The plaintiffs obtained a judgment against the defendant in a District Court of the city of New York for $123 40, and filed a transcript of the judgment in the office of the clerk of the city and county of New York, and afterwards, in proceedings supplementary to execution instituted in this court by the plaintiffs for the examination of a third party as a debtor of the judgment debtor, Gillett, the latter, on an appeal to the general term, obtained a judgment for costs against the plaintiffs for the sum of $28 50. Gillett was insolvent. A motion was made by the plaintiffs to offset the two judgments, and have the latter one satisfied of record on the reduction of the former one by that amount; and this motion was opposed on the ground that E. More, the attorney of Gillett, had a lien on the judgment for costs, and that Gillett had assigned the judgment to More before the motion was noticed.

*E. More*, for appellant.

*Frank & Weiss*, for respondents.

CHARLES P. DALY, Chief Justice.—The lien of the attorney has, in this State, always been regarded as subject to the equitable right of set-off between the parties. I adverted to this distinction in *Ward* v. *Wordsworth* (1 E. D. Smith, 603) as settled by the cases of *Spencer* v. *White* (1 Johns. Cases, 102), *Pindar* v. *Morris* (3 Cai. 165) and *The People, &c.,* v. *Manning* (13 Wend. 652), and it was upheld in *Roberts* v. *Carter* (24 How. Pr. 44) and *Brooks* v. *Handford* (15 Abb. Pr. 342).

The decision below, therefore, must be affirmed, there being no question where the defendant is insolvent, but that it is equitable to order the set-off. (*Rignolet* v. *Greer*, 19 Abb. Pr. 264; *Bradley* v. *Angell*, 3. N. Y. 475.)

VAN HOESEN, J., concurred.

Order affirmed.