(22 Misc. Rep. 385.)

DE CAMP v. THOMSON et al.

(Supreme Court, Special Term, Herkimer County. January, 1898.)

1. JUDGMENT—APPEAL—SET-OFF.
    Defendants appealed from a judgment to the court of appeals giving the statutory undertaking to stay execution. Afterwards defendants obtained a judgment against plaintiff, from which judgment no appeal was taken. *Held*, that under Code Civ. Proc. § 1327, providing that if the appellant to the court of appeals gives an undertaking that, if the judgment appealed from is affirmed, he will pay the same, he shall not be compelled to do so until its affirmance, defendants were entitled to collect their judgment on execution, and could not be compelled to set it off against the plaintiff's judgment.

2. SAME.
    Plaintiff obtained a judgment against defendants. Afterwards he brought another action against defendants, and procured a temporary injunction, giving the usual injunction bond. Judgment was rendered for defendants

dissolving the injunction and for their costs. *Held*, that defendants could not be compelled to set off their judgment against the judgment of plaintiff, from which an appeal was pending, as, until it was determined whether defendants' judgment could be collected, it could not be determined what they were entitled to recover on the injunction bond.

Action by William S. De Camp, individually and as trustee of Julia L. De Camp, against Edward Thomson, Jr., and others, to compel said defendants to offset a judgment for costs recovered against plaintiff, in a suit brought by plaintiff to enjoin defendants, against a judgment obtained by plaintiff in another suit against the same defendants, from which an appeal by defendants is pending in the court of appeals, and to restrain them from collecting the said judgment against plaintiff. Dismissed.

C. D. Adams, for plaintiff.

Charles E. Snyder, for defendants.

McLENNAN, J. Section 1327 of the Code of Civil Procedure provides a method by which a person who has perfected an appeal to the court of appeals from a judgment rendered against him may prevent the enforcement of said judgment until the decision of his appeal. The section provides, in substance, that if the appellant in such case gives a written undertaking, executed in proper form, to the effect that if the judgment appealed from is affirmed he will pay the same, he shall not be called upon or compelled to pay such judgment, or any part thereof, until the affirmance of the judgment upon such appeal. It would seem that by the provisions of the Code referred to a judgment debtor has an absolute right in the case specified to appeal from a judgment against him, and, by giving a proper undertaking, to defer payment until the judgment appealed from is affirmed, even if his only purpose is delay. If the contention of the counsel for the plaintiff is correct, an appellant in such case may be compelled to pay a judgment appealed from, and which is secured by a proper undertaking, in full or in part, immediately, provided he happens at the time to be the owner of a judgment against his judgment creditor and is seeking to enforce the same. Such would be the only effect if the course suggested by plaintiff's counsel is adopted.

The defendants Dix and Thomson have a valid judgment against the plaintiff for $306.05. It is final, the time to appeal having expired. The whole amount of that judgment is payable immediately. The defendants are entitled to such payment, and if it is not paid they are entitled to enforce payment by execution. If the amount of such judgment in favor of the defendants can be withheld from them to apply in payment of plaintiff's judgment, which is secured by an undertaking on appeal, then to that extent the defendants would be compelled to pay plaintiff's judgment, notwithstanding their undertaking, and notwithstanding the express provisions of the Code, which declare that in such case they need not pay any part of such judgment until affirmed by the appellate court. Under the provisions of the Code, the judgment of Dix and Thomson against the plaintiff is payable now, and payment can be enforced immediately. The

judgment of the plaintiff against Dix and Thomson is not payable now. It may never be payable, and in no case can payment be enforced until the court of appeals shall have affirmed the same, which may be a year or two years hence.

In the case of Pierce v. Tuttle, 51 How. Prac. 193, decided by the general term, Fourth department, the headnote is as follows:

"Where the plaintiff has obtained a final judgment against the defendant in one action, and the defendant has obtained a judgment against the plaintiff in another action in which the parties are the same, from which the plaintiff has appealed, the defendant's judgment cannot be set off against the plaintiff's judgment while the appeal is pending. Proceedings on the judgment appealed from are suspended during the pendency of the appeal."

It was held in Terry v. Roberts, 15 How. Prac. 65, that an appeal from a judgment suspended the right to set it off. In the case of De Figaniere v. Young, 2 Rob. 670, it was distinctly held that a judgment cannot be set off while an appeal from it is pending. In Hardt v. Schulting, 24 Hun, 345, the headnote is as follows:

"The plaintiff cannot have a judgment recovered by him, from which an appeal has been taken by the defendant, set off against the costs of two motions awarded to the defendant in the same action."

In re Kloster, 40 Hun, 374, the same rule is stated.

The cases cited by plaintiff's counsel do not in any way conflict with the authorities above referred to. The authorities without exception, so far as I have been able to discover, are to the effect that an appeal from a judgment suspends the right to a set-off. As suggested by plaintiff's counsel, most of the decisions were in cases where a motion was made to compel the set-off, rather than in an action brought for such purpose; but it would seem that that fact can in no way change the rule, and the authorities would seem to be decisive that in a case such as this the plaintiff cannot set off the judgment against him against the judgment recovered by him against the defendants, while the appeal therefrom is pending in the court of appeals.

The evidence shows that the judgment recovered by Dix and Thomson against the plaintiff is solely for the costs of the action, and that the defendant Snyder was the attorney of record in that action, and that he has not been paid for his services. It is insisted by the defendants that such judgment belongs to the attorney, and that he has a lien upon the same for his services as such, and therefore that it cannot be set off. It is unnecessary to pass upon that question, in view of the conclusion reached upon the first proposition. No facts are presented by the evidence in this case which would justify the court in staying the collection of the judgment obtained by Dix and Thomson against the plaintiff. The evidence shows that Dix and Thomson are responsible, and that plaintiff's judgment against them is abundantly secured.

There is still another reason why a stay should not be decreed in this case. In the action brought by the plaintiff against Dix and Thomson, and in which action they recovered the judgment in question against the plaintiff, as before said, the plaintiff procured an injunction pending the determination of that action, and executed and delivered to the

defendants a bond in the sum of $1,000, conditioned for the payment by the plaintiff to the defendants of all damages which they should sustain by reason of such injunction.    By the recovery of the judgment in question such injunction was dissolved, and the defendants are entitled to proceed upon the bond so given, and to enforce the payment of any damages which they have sustained by reason of the issuing of the injunction in that action; and until the judgment involved in this' action is collected from the plaintiff, or it is determined whether it can or cannot be collected, it cannot be accurately determined what sum, if any, the defendants are entitled to recover as damages for the issuing of the injunction referred to.    In any event, plaintiff's action was unnecessary.    The plaintiff could have obtained the same relief demanded in this action, if entitled to it, by motion, and the expenses of this litigation could thus have been avoided.

But, as before suggested, the proof does not disclose any reason why the relief demanded should be decreed.    The defendants are abundantly responsible.    The judgment recovered by the plaintiff is abundantly secured.    Nothing appears to indicate that any hardship will result to the plaintiff; that his property will be sacrificed, in case he pays the judgment recovered against him at the present time.

It follows that the plaintiff's complaint should be dismissed, with costs.    Judgment is ordered accordingly.    Judgment accordingly.

