Meach
v.
Chappell.

MEACH and others *vs.* CHAPPELL & CARPENTER.·

Where, upon a reference to a master to settle issues to be tried by a jury and to determine in what county the trial should be had, each party swore to a great number of material witnesses residing in the counties where such parties respectively desired to have the issue tried, but they did not state in their affidavits the matters they expected to prove by such witnesses; *Held,* that the master should have rejected or disregarded these affidavits on both sides; or should have called the parties before him and examined them on oath as to the matters they expected and belived they would be able to prove by the witnesses respectively, and as to the grounds of such belief.

By the practice of the court of chancery a general affidavit of merits is not received. But the party must state upon oath what such merits are, to enable the court to see whether they are not merely imaginary; and so that the deponent may be liable to punishment for perjury if his affidavit is false.

So in an affidavit of the number and materiality of witnesses, in reference to the proper place for the trial of issues directed by the court, the party must state in his affidavit the substance of what he expects and believes he will be able to prove by the witnesses respectively; to enable the court, or master, to judge of their materiality.

THIS case came before the court upon exceptions to a *March 3.* master's report, settling issues to be tried by a jury, and determining the place of trial. One of the complainants, for the purpose of inducing the master to fix the place of trial at New-York, made an affidavit in which he swore, without any qualification whatever, that fifty-two persons, whose names were given, residing in the city of New-York, were all material witnesses for the complainants on the trial of the issues ; and that they could not safely proceed to trial without the testimony of each and every of those witnesses. But it was not stated in the affidavit what they expected or believed they should be able to prove by any one of those witnesses. On the other hand, one of the defendants swore to forty-six witnesses residing in the county of Monroe, and twenty or thirty in the adjoining counties, most of whom would be material witnesses for the defendants, upon the trial, if certain questions as to a mercantile custom were to be tried ; and if not, that seven

of the witnesses residing in the county of Monroe, would be material upon the trial, without reference to those questions. The master came to the conclusion that those questions would not arise upon the trial of the issues which he framed. He therefore reported that the trial should be had in the superior court for the city of New-York; without requiring the complainants to state on oath what they expected or believed they should be able to prove by either of their fifty-two witnesses in New-York. To this report the defendants excepted.

*R. W. Peckham,* for the complainants.

*E. Darwin Smith,* for the defendants.

THE CHANCELLOR. The master erred in placing any reliance whatever upon the general affidavits of either party, swearing to the number of their witnesses, without stating what they expected to prove by them. It is the settled practice of this court, in an affidavit of merits, to require the party to state what such merits are ; so that the court may see that the defence is not merely imaginary. And that the defendant may be in a situation to be prosecuted for perjury, if he swears to that which he knows to be false. The same rule should be applied to affidavits of the materiality of the witnesses in reference to a question of venue. And the party should state in his affidavit the substance of what he expects and believes he will be able to prove by the respective witnesses named therein ; so that the court as master may judge of their materiality. From the nature of the issues which the master has framed for trial, it is wholly incredible that either can have fifty witnesses, the testimony of *each and every one* of whom can be material ; even if the custom of merchants in the city of New-York was necessary to be proved. The master, therefore, instead of acting upon these general affidavits, should have rejected them entirely; or he should have called the deponents personally before him and examined them on oath, as to what they expected and belived they

would be able to prove by each witness, and as to the grounds of such belief.

Rejecting these general affidavits, there was nothing before the master to show that any witness residing either in New-York or in the county of Monroe, was material upon the trial of the issues. And as neither the bill nor the answer was sworn to, it was impossible to say where the questions in issue arose ; so as to enable the master to fix the place of trial with reference to the probable residences of the witnesses necessary to establish the facts as to which the respective parties hold the affirmative upon the trial. The master, therefore, instead of sending the issues to be tried in the city of New-York, or in any other large county, where the press of other business would necessarily cause great delay and consequent expense to either party who was compelled to attend there with his counsel and witnesses, should have directed the issues to be tried in some of the smaller counties where the business of the circuit would probably have allowed the trial to take place within three or four days after the opening of the court.

The exception to the master's report must be so far allowed as that the trial of the issues shall be at the circuit court in the county of Schenectady, instead of the superior court of the city of New-York.