wards is considered as being under his official oath, and will be evidence of the matters contained therein.

Order appealed from affirmed with costs.

*Cornelius R. Disosway, adm'r, &c.* v. *Charles H. Carroll, ex'r, &c.* J. RHOADES, for complainant; C. STEVENS, for defendant. If costs of exceptions and upon appeal are paid within twenty days, defendant to have three months further time to answer exceptions. If costs are not paid and the further answer put in within the times prescribed, complainant to be at liberty to take out an attachment, and to hold the defendant to bail in the sum of $1000.

*Lewis F. Allen et al.* v. *Elisha C. Adams et al.* O. L. BARBOUR, for the motion; A. C. PAIGE, for Sizer. Application by Allen for the payment of his share of a certain sum of money deposited for the purpose of meeting the commissions of the trustees of B. Rathbun. Order authorizing Allen, and the personal representatives of Clary, and of Pratt, to draw out the fund deposited in the Trust Company for commissions, with the accumulations, to be divided rateably among them in proportion to the amount due to each by the master's report; Allen and the personal representatives of Pratt giving to the representative of Clary's estate, security to refund their respective portions thereof, with interest, or so much as may be necessary to equalize the loss among the three assignees if the estate of Clary shall be made liable to Sizer. If security is not given, the fund to remain to abide the event of the suit against Miller. Same disposition made of the residue of the commissions which were in the Bank of Buffalo at the time of its failure, upon obtaining the written consent of Allen's assignee in bankruptcy.

Costs to be borne rateably by Allen and the representatives of his co-assignees.

*James P. Gay et al.* v. *John S. Gay.* D. CADY, for the appellants in the first appeal; J. RHOADES, for the defendant who is appellant in the last appeal. Application by three of the complainants to vacate an order taken by default dismissing their appeal in this suit; and to open a decree obtained upon an ex parte argument, on the cross appeal of the de-

Defaults, when opened.

fendant J. S. Gay, and to dismiss that appeal. The chancel lor decided that where the proceedings of the adverse party have been technically regular, and he has obtained a decree or order which is in conformity with the real equity of the case, this court will not open a default, as a mere matter of favor, to enable the applicant to insist upon mere technical objections. And upon the argument of the motion in this case, he allowed the parties to go into the merits of the whole case, for the purpose of ascertaining with whom the substantial equity and justice thereof lay.

Time for appealing from interlocutory orders or decrees.

When notice of order, &c: not necessary.

When order to be considered as entered.

Decided also, that an appeal from an interlocutory order of a vice chancellor must be entered, and notice thereof served on the adverse party, or his solicitor, within fifteen days from the time when the appellant had notice of such order. That where the appellant draws up and enters the order, he has notice, in fact, thereof, at the time he enters the same. And that an order is considered as entered from the time when it is drawn up, or settled, and left with the register or clerk to be copied into the records of the court.

What is a sufficient notice of order or decree

That where the appellant does not himself enter the order or interlocutory decree appealed from, he has fifteen days for appealing, after he has notice of the entry of the order or decree, either by the service of a formal written notice on him or his solicitor, or the service of a copy of the order or decree itself. But that a mere constructive notice, or even a parol notice, of the entry of the order is not sufficient to limit the right of appeal, in such cases.

Time for appealing cannot be extended.

That the time for appealing from interlocutory orders or decrees being fixed by statute, cannot be extended by the court.

Set-off.

That the right to set off one judgment or decree against another, by a motion to this court, or by a summary application to the equitable powers of a court of law, only exists in those cases where the debts on both sides were finally liquidated by the judgment or decree before the assignment of either. to a third party. And that where one debt is absolutely assigned to a stranger pending the litigation, and before it is liquidated, by a final judgment or decree, the one cannot be set off against

the other, on motion, even in this court; where the two debts have no connection with each other.

But that upon a bill filed in this court the right of set-off does not always depend upon the statute of set-off, or upon the question whether both demands are liquidated by judgment or decree. That if an equitable right of set-off exists while the parties have mutual demands against each other, besause the debt due to the party claiming the set-off is so situated that it is impossible for him to obtain satisfaction of his debt by an ordinary suit at law or in equity to recover the same, this court, upon a bill filed, will compel an equitable set-off of one debt against the other. And the insolvency of the party against whom the set-off is claimed is a sufficient ground for the exercise of the jurisdiction of this court, in allowing a set-off in cases not provided for by the statute; although the demands on both sides are not liquidated, by judgment or decree, so as to authorize a set-off upon a summary application, by motion.

That where there are cross demands between two parties of such a nature that if both were recoverable at law they would be the subject of legal set-off, then if either of the demands is matter of equitable jurisdiction only, the set-off may be enforced in equity.

Motion denied, with $10 costs.

*Elizabeth Baker et al, Ex'rs, &c.* v. *Stephen Kingsland.*

S. F. CLARKSON, for apppellants. Decided that upon an application to a surrogate, by a creditor of a decedent, for an order directing that the real estate of the decedent be mortgaged or sold for the payment of his debts; if the indebtedness is denied by the heirs or personal representatives, the applicant must prove the same before the surrogate irrespective of any judgment he may have obtained against the personal representatives. And that the docket of a judgment recovered in the supreme court, and not entered in the county clerk's office, as directed by the act of 1840, is not legal evidence of the recovery of such judgment.

Application to surrogate for order to sell real estate of decedent to pay debts

Debt of applicant how to be proved.

It was also held that as there is no privity between the personal representatives of the decedent and his heirs or devi-

9*