AINSLIE *vs.* RAY BOYNTON and EDWARD BOYNTON.

Where, at the time of the assignment of a chose in action, an equitable right of set-off exists, against the assignor, the assignee will take the chose in action subject to such right of set-off.

A court of equity will enforce an equitable right of set-off, upon a bill filed for that purpose, when circumstances are shown to exist requiring its interference; such as insolvency, or the impossibility of obtaining the benefit of it, in an ordinary suit at law.

This is a right which exists prior to, and independent of, the recovery of judgments.

The *costs* in one suit will not be set off against a judgment recovered in another suit between the same parties, to the prejudice of the attorney to whom they belong; nor where such costs were unliquidated at the time the right of set-off attached.

IN EQUITY.   This was an appeal by the defendants, from a decree of the late assistant vice chancellor of the first circuit. The bill was filed for the purpose of compelling the set-off of a certain judgment for $221,42, recovered in the court of common pleas of the city and county of New-York, by the defendant Ray Boynton, against the plaintiff, on the 21st of March, 1842, against a judgment recovered in the same court by the plaintiff, against the said Ray Boynton, on the 1st of March, 1842, for $431,58.   The bill charged that on the 28th of February, 1839, the plaintiff being seised of certain premises in Greenwich-street in the city of New-York, entered into an agreement with the defendant Ray Boynton, by the terms of which the plaintiff was to put the house in complete repair, and let the same to the said Ray Boynton for five years from the 1st of May then next; the rent and possession to commence on the 15th of June.   That after the making of this agreement, and on the 4th of March, 1839, Ray Boynton executed an agreement, similar in terms to the above, which was witnessed by the defendant Edward Boynton.   That the plaintiff put the premises in repair, and the lessee entered into possession thereof. That the latter put repairs upon the house amounting to over $100, which he claimed to have offset against the rent; but that the plaintiff did not deem such repairs necessary, or called

Ainslie v. Boynton.

for by the agreement. That Ray Boynton thereupon commenced a suit against the plaintiff, on the agreement, in the New-York common pleas, which suit was referred to referees, by a rule of the court. The plaintiff interposed a plea of tender of $42, and non-assumpsit as to the residue; and with his plea of tender he paid into court the sum of $42; which money was afterwards withdrawn by the said Ray Boynton. On the 29th of November, 1841, the referees reported that there was due to Boynton, over and above the $42 paid into court, the sum of $16,32. On the 21st of March, 1842, a judgment was entered against the plaintiff, upon this report, for $221,42 damages and costs; upon which judgment an execution was issued, and the plaintiff's goods had been levied on, and the defendant Ray Boynton threatened to sell the same. That in the meantime the plaintiff had commenced a suit in the same court against Ray Boynton for arrears of rent, and on the 1st of March, 1842, recovered a judgment against him for $431,58, which was docketed on the same day, and which is still in force and unpaid. That the plaintiff has offered to the attorney of the said Ray Boynton to set off the judgment recovered by the latter, against so much of the judgment recovered by him, and to collect only the balance; which offer was declined. That Ray Boynton is insolvent, and has no property out of which the plaintiff's judgment can be collected. That the plaintiff made an application to the court in which the judgments were recovered, to have one offset against the other. That on the hearing of that application, the defendant Ray Boynton presented his own affidavit stating that on the 1st of December, 1841, he had assigned all his interest in the contract between the parties to Edward Boynton, (the other defendant in this suit;) that the same belonged to him, and that the assignment was fair and bona fide and for a full consideration paid in cash. Whereupon the motion was denied by the court, without costs. The bill then alleged that at the time of the alleged assignment both defendants knew of the indebtedness of Ray Boynton to the plaintiff for two quarters' rent, and of his insolvency, and that Edward Boynton took the assignment, if any was made, with

knowledge and notice of the plaintiff's equitable right of set-off existing against the same. That the assignment was made and executed after the defendants had notice, knowledge, or information of the commencement of the plaintiff's suit against Ray Boynton, and that such assignment was ante-dated, and made for the sole purpose of depriving the plaintiff of his set-off. The plaintiff averred that such assignment was not made in good faith; that it was collusive and fraudulent as against him; and prayed that the same might be declared void as against the plaintiff; that the judgments might be offset, the one against the other; that the defendants might be restrained by injunction, from collecting the judgment recovered by Ray Boynton against the plaintiff; and that they might pay the costs of this suit. The bill called for a discovery, on oath, from the defendants. They put in their answers on oath, in which they positively denied all the charges of fraud and collusion contained in the bill, and the motives and intentions therein imputed to them, and they averred that the consideration was actually paid by the assignee, in cash. No testimony was introduced by the plaintiff to disprove these denials and averments of the answer.

The cause was heard before the assistant vice chancellor, upon pleadings and proofs; who made a decree directing that the judgment recovered by the defendant Ray Boynton against the plaintiff be set off against so much of the judgment recovered by the plaintiff against him, as would be sufficient to satisfy and discharge the former judgment; that a good and sufficient discharge of the judgment obtained by Ray Boynton should be executed and delivered to the plaintiff; and declaring that the assignment executed by Ray Boynton to Edward Boynton, of the contract, was fraudulent and void as against the plaintiff, and setting the same aside as to him. The decree also directed the defendants to pay to the plaintiff his costs in this suit, to be taxed; and that the plaintiff have execution therefor, first against the defendant Ray Boynton, and if the same could not be collected of him, then against the defendant Edward Boynton.

Ainslie *v.* Boynton.

The following opinion was delivered by the assistant vice chancellor:

MURRAY HOFFMAN, A. V. C. The case is very clear upon the merits. There was a plain right of set-off between the complainant and Ray Boynton, at any rate after the report of the referees. The case of *Champlin* v. *Day*, (3 *Cowen*, 353,) is precisely in point; without referring to the purposes of the transfer to Edward Boynton. But that assignment was taken under very suspicious, if not clearly fraudulent circumstances. It is unexplained why the defendant should pay $100 for a claim out of which he could only realize $16,42. And even if the deposit had not been taken out of court, this would be singular. It is not possible to resist the conclusion that it was a scheme to defeat the complainant of his right of set-off. The answer admits that the defendant Edward Boynton knew that the complainant had threatened to sue. I had some difficulty upon the question of costs, from the neglect of the complainant to take out an execution upon his judgment. But it was the duty of the defendant Ray Boynton—a moral and legal obligation—to pay the debt. The defendant Edward, knowing all the facts, is not privileged to avail himself of this, any more than the other defendant.

There must be a decree allowing the set-off, and directing the defendants to pay the costs; the defendant Ray Boynton first, and upon execution against him returned unsatisfied, then execution to go against the defendant Edward Boynton.

*John B. Staples*, for the appellants.

*E. Sandford*, for the respondent.

*By the Court*, McCoun, J. Whether Ainslie is entitled to have a set-off of the *judgments*, so that the one recovered against him shall be extinguished by compensating so much of the judgment in his favor against Ray Boynton, depends upon the validity or invalidity of the assignment of the Boynton

Ainslie *v.* Boynton.

judgment.   If that assignment is shown to be *invalid* for any cause, then the right of set-off of the judgments as *judgments* is perfect, and was so from the moment Ainslie recovered his against Ray Boynton, without regard to extraneous circumstances, such as insolvency or the like.   But if the assignment from Ray to Edward is a *valid* assignment, or if from the facts stated in relation to it, the court is not at liberty to pronounce it *fraudulent* and *void*, then it is equally clear and certain that the judgments as *judgments* cannot be set off, and the one be made to compensate, *pro tanto*, the other.   If, however, the assignment is valid and free from *fraud*, still a question arises whether Edward did not it take subject to an *equitable set-off* to some extent, which existed in favor of Ainslie at the time the assignment was made.   Both questions are to be considered.

First, as to the alleged fraudulent character of the assignment.   The decree appealed from has declared it such, and pronounced it void.   But the difficulty with this part of the decree is the want of legal proof of fraud.   The bill has called for a discovery under oath, upon charges which it makes of *fraud* in its worst aspects, in contriving and getting up the assignment for the purpose of defeating Ainslie's right of set-off.   The answer of both defendants meets these charges, and positively denies them.   It avers the consideration was actually paid in cash, and denies the motives and intentions imputed by the bill. Now whatever conjectures we may indulge in to the contrary, and however suspicious the transaction may seem, yet we are not at liberty to disregard their statement and to say it is utterly unworthy of belief.   The plaintiff has shown that he was willing to trust to their oath, and to have the court abide by their answer until disproved ; or he would not have put them upon oath in answering those charges.   He has furnished no testimony nor other evidence, contradictory of their asseverations responsive to his bill, and is not entitled to a decree setting aside the assignment for *fraud*.

Then as to the next question, what equity was the assignment subject to, when it was taken by Edward ?

Ainslie *v.* Boynton.

The claim assigned had two days before been ascertained and liquidated, by the report of the referees, at $16,32. On the 1st of November, one month before the assignment, $400 had become due from the assignor to Ainslie, for two quarters' rent. Although the condition of the then pending suit was such that Ainslie could not interfere and claim a set-off at law of any part of such rent without suit, yet a right of set-off existed in equity from the time the rent became due and remained unpaid. Even if there was a difficulty about its attaching, owing to the uncertainty and unliquidated nature of the demand, which was in suit against Ainslie, yet when that demand was reduced to a certainty, by the report, on the 29th of November, the equitable right of set-off then attached, and it remained in full force on the 1st of December, when the assignment was made. This set-off, a court of equity will enforce upon a bill filed for that purpose, when circumstances are shown to exist requiring its interference, such as insolvency, or the impossibility of obtaining the benefit of it in an ordinary suit at law. It is a right which exists prior to, and independent of, the recovery of judgments. The doctrine is explained by the chancellor, in *Gay* v. *Gay,* (10 *Paige,* 369.) This equitable set-off does not extend, however, in this case, to the costs of the suit against Ainslie. Those costs equitably belonged to the attorney, and the assignee assumed the payment of the costs, by assuming the control and prosecution of the suit, and he is entitled to reimbursement. Besides, the costs accrued by the judgment long after the assignment, and until judgment, were unliquidated, and not a subject of set-off, (13 *Wend.* 340,) or against which any right of set-off could attach before judgment. And the judgment, when rendered, belonged to the assignee, subject only to the equitable set-off in respect to the amount reported by the referee.

The decree of the assistant vice chancellor must be reversed, so far as it declares the assignment to be fraudulent and void; and it must be modified in respect to the set-off, by allowing only the damages, exclusive of the taxed costs in the judgment of *Boynton* v. *Ainslie,* to be credited and allowed as a pay-

ment on the judgment of *Ainslie* v. *Boynton.* And each party must be left to bear his own costs of the suit in chancery and on this appeal.

SAME TERM.    *Before the same Justices.*