# PRACTICE REPORTS.

## SUPREME COURT.

CORNELIUS L. ALLEN agt. SOLOMON ACKLEY and DAVID W. ACKLEY.

This court has the *power* to allow a defendant to put in an answer, if he has neglected to answer within the twenty days prescribed by the code.

At the adoption of the code this power of relief formed a part of the acknowledged jurisdiction of the court, which it derived from the common law, and it being highly beneficial, if not indispensable in the administration of justice, and there being no negative words in the code depriving the court of its exercise, *held*, that it was evident that the Legislature did not intend to deprive the court of the necessary and indispensable power of relieving parties in proper cases from the unjust and ruinous consequences of a failure to answer within the time required by the code.

The case of extending the time for bringing an appeal is not analogous to the case of relieving from the effect of defaults in not pleading or answering in time. The power of appealing is derived wholly from the statute. The power of the court to relieve against a default in the progress of a cause, is derived from the common law.

*Special Term, Washington county, February,* 1849. Motion to set aside judgment, and to allow defendants to put in answer.

The summons and complaint were served on the defendants on the 29th and 30th of December, 1848, personally. The answer was served by depositing the same in the post office at Troy, on the 21st January, 1849, directed to the plaintiff. The answer was returned upon the ground that it was not served in time. Judgment was entered by the clerk on the 23d day of January, 1849. The defendant, D. W. Ackley, swears that he made no memorandum of the time of service of the summons and complaint, and when he sent word to his attorney of the commencement of the suit, he was under the impression that the time for answering expired on the 21st January, 1849. The attorney of the defendants states that

when the summons and complaint were handed to him he was informed that they were served on the 1st January, 1849. The action was brought for services rendered by the plaintiff as solicitor and counsel for the defendants.

J. HOLMES, *for defendants.*

C. L. ALLEN, *in pro. per.*

PAIGE, Justice.—The question presented on this motion is, whether the court has power to allow the defendants to put in answer, they having neglected to answer within the twenty days prescribed by the code. It is insisted that as the code limits the time for putting in an answer, the court has no power to let the defendants in to make a defence. And has no power to enlarge the time within which an act is to be done, when such time is fixed by statute. (5 Wend. 136; *Jackson* v. *Wickkam*, 10 Paige, 616.)

The code (sec. 107) provides that the summons shall require the defendant to answer the complaint and serve a copy of his answer, &c., within twenty days after the service of the summons, and § 121 declares that the answer must be served within twenty days after service of a copy of the complaint. Section 202 authorizes, in an action on contract for the recovery of money, a judgment to be entered by the clerk on the failure of the defendant to answer. If these provisions of the code deprive the court of the power to relieve the defendant from the consequences of a failure to answer within the time prescribed, in cases of mistake, inadvertency, surprise or excusable neglect, great hardship and injustice will be the result. The power of a court to relieve a defendant in such cases has always been deemed a salutary power; a power even indispensable in the administration of justice. No complaint was ever made of either the possession of this power by the court or of the manner of its exercise. I cannot believe, therefore, that the commissioners on practice and pleading, or the Legislature in reporting and adopting the code, intended to take this power from the court. Is the language of the code so clear and unambiguous that we are compelled to deduce from it an intention on the part of the Legislature to take from the court this power, which, as a part of its common law jurisdiction, it has possessed and exercised from time immemorial?

In construing one part of the statute, the whole statute is to be considered; this is the best way of ascertaining the intention of the Legislature. The words and meaning of one part of a statute frequently lead to a knowledge of the sense of another. (Bac. Ab. Statute I., 2.)

The 366th section of the code authorizes a Justice of the Supreme Court, at chambers, to enlarge the time within which any proceeding in an action must be had before judgment, except the time within which an appeal must be taken. In this provision we do not see any indication of an intention to limit a party to the iron rule of twenty days for putting in an answer or replication. It provides for an enlargement of the time whenever the exigency of the case, or convenience of the parties call for it. Relief after a failure to answer, which is excused, is as necessary and as proper as it is before the time for answering has expired. And it is very clear that if a suggestion had been made, that the power of the court, under the code, to grant this relief might be called in question, that this power would have been conferred in express terms. The provisions of the code in relation to amendments, rebuts the idea of an intention on the part of the Legislature to take from the court its thus acknowledged power to relieve a party from the consequences of a failure to answer within the time prescribed by the code. Chapter 6, of the code, enlarges greatly the powers of the court in granting amendments, and in disregarding errors and defects in the pleadings and proceedings in a suit. The most effectual provision is here made to relieve parties from the embarrassments of mistakes, defects and errors in the pleadings and proceedings. And it is manifestly a leading object of the whole code to secure the enforcement and protection of the substantial rights of the parties, and an adjudication in each particular suit, according to the very right of the case, without regard to the technicalities of either pleading or practice. To deprive the court of the power to allow a party to set up a valid defence, after a failure to answer, would contravene the general intent of the code, and would defeat one of the principal objects of its enactment.

It is a maxim of law, that an affirmative statute does not take away the common law. (Bac. Ab. Statute G.) So, if a statute in the affirmative gives a remedy (without a negative express or implied) for a matter actionable at common law, it does not take away the common law remedy. (5 Cow. 165.) In the Code of Procedure, there are no negative words, depriving the court of the power of giving relief in cases of a failure to answer within the twenty days. This power, at the adoption of the code, formed a part of the acknowledged jurisdiction of the court, which it derived from the common law. It being a highly beneficial, if not indispensable power in the administration of justice, it would seem that it could not be taken from the court, except by an express prohibition against its exercise.

In construing a statute, both the mischief and the remedy should be

considered.   If a case is not within the mischief for which a remedy is provided, although within the letter, it will, by an equitable construction, be held not to be within the statute.   (Bac. Ab. Statute I., 6.)

The exercise of the power to grant relief in cases of default, was not one of the mischiefs for which the code sought to provide a remedy. The denial of this power to the court should not, therefore, be held to be within the meaning of the code.   It is also a rule of construction of statutes, that if a thing within the letter of a statute is contrary to the intention of the statute, it is not within the statute.   (15 John. 358.)   I am satisfied that the denial of the power in question is not within the intention of the code.   If I am correct in this, it ought not to be held to be within the code.

It is very apparent to my mind, that if the Legislature had intended to take from the court the power of letting in a defendant to make a defence after failing to answer within twenty days, that the exercise of this power (then a part of the acknowledged jurisdiction of the court,) would have been expressly prohibited by the use of negative words.

In the 366th section of the code, where authority is conferred for enlarging the time within which a proceeding must be had, we find an express exception of the case of the time within which an appeal must be taken.

It is conceded that the court has no power to extend the time fixed by statute for bringing an appeal.   Previous to the adoption of the code, this power was not possessed by the court.   Its exercise was generally disclaimed, upon the ground that the time for appealing was fixed by statute, and not by a rule of the court.   (5 Wend. 136; 10 Paige, 616.) But another reason may be assigned.   In many of the provisions of the Revised Statutes, prescribing the time for bringing appeals and writs of error, &c., negative words are used.   Thus, it is provided that all writs of error, &c., shall be brought within two years, &c., and not after.   (2 R. S. 595, § 21, and 605, § 78, and see 259, §§ 191 and 195.)   But the case of extending the time for bringing an appeal is not analogous to the case of relieving from the effect of defaults in not pleading or answering in time.   The power of appealing is derived wholly from the statute. The power of the court to relieve against a default in the progress of a cause is derived from the common law.

Being perfectly satisfied that the Legislature did not intend to deprive this court of the necessary and indispensable power of relieving parties in proper cases from the unjust and ruinous consequences of a failure to answer within the time required by the code, I am of the opinion that a liberal and equitable construction of the code justifies the conclusion that

the code did not take from the court the right to exercise this power. I shall accordingly hold in this case, that this court has the power to let in the defendants to put in an answer to the plaintiff's complaint, provided they have made a proper case for the exercise of such power.

Only one of the defendants attempts to excuse his default, and his excuse is a lame one. He says he thought the time for answering expired on the 21st of January. He does not say that he informed his attorney when, according to his understanding, the time did expire. The other defendant makes no attempt to excuse his default. The plaintiff suggests that he will be in danger of losing his demand if the judgment is set aside, as the defendants are in doubtful circumstances, and he asks, if the defendants are let in, that it be upon the condition that they do not plead the statute of limitations. I am aware that the court has latterly, where the default is fully excused and merits are sworn to, refused to impose as a condition that the party should not plead the statute of limitations. (10 Wend. 595.) But here the default is not satisfactorily excused; at least not by one defendant, and the affidavit of merits is merely general. The defendants ought to have disclosed the nature of their defence, or have served a copy of their proposed answer duly verified, with their notice of motion, so that the court might judge whether they have a meritorious defence. (3 Howard's Pr. Rep. 350; 1 Bar. Sup. Ct. Rep. 31; 8 Paige, 135, 566; 10 Paige, 369.)

But to avoid the necessity of a renewal of this motion on papers obviating the objections to which the present papers are obnoxious, I have concluded to grant the motion on condition the defendants comply with the following terms, viz.: that they pay to the plaintiffs the costs and disbursements of the judgment and subsequent proceedings and ten dollars costs of resisting this motion; and that they do not set up in their answer the defence of the statute of limitations, and the judgment must stand as security.