JAMES M. WINSLOW *vs.* THE MINNESOTA AND PACIFIC RAIL-ROAD COMPANY, ET AL.

APPEAL FROM AN ORDER OF THE DISTRICT COURT OF RAMSEY COUNTY, DENYING THE APPLICATION OF WM. L. BANNING, FOR LEAVE TO APPEAR AS A DEFENDANT IN THE ACTION.

In an action by a creditor to reach trust property in the hands of administrators or trustees, who have the control of, and whose duty it is to protect the property, the *cestui que trusts* need not be joined as parties. The defence of the trustees is their defence, and their presence in court is not necessary to the protection of their interests. A Court of Equity, however, would allow a *cestui que trust* to appear and defend, in case of collusion between the Plaintiff and trustee, upon showing his defence, and that he was entitled to such relief. It would then be a matter of discretion for the judge, and this court would not interfere with the exercise of such discretion, unless the same was abused by the Court below.

Points and authorities of Appellant.

The court erred in denying the application of William L. Banning to be made a party defendant in this action :

*First*—Because it appeared that said Banning held one of the first mortgage bonds secured by said trust deeds referred to in the complaint, and the Plaintiff sought to set aside the supplemental trust deed and enjoin its execution.

*Second*—Because it appears that Banning's interest to defend was of the same nature and character as the Plaintiff's interest to bring suit.

*Third*—Because it appeared that Banning was a necessary and indispensable party, and that a decree could not be made without adjudicating upon his interest or determining his rights.

*Fourth*—Because the court had no discretion to refuse such application.

*Fifth*—Because the ruling of the court in the premises was otherwise erroneous.

*Story's Equity Pleadings, Sec.* 72, 4 *Ed., page* 86, *and cases cited in note to the same* ; *Ibid, Secs.* 130, 131, 132, *pages* 162 *to* 164 ; *Beaumont vs. Meredith,* 3 *Ves. & Beam.* 180 ; *Evans vs. Stokes,* 1 *Keen R.* 29 ; *Brainbridge vs. Burton,* 2 *Browan R.* 539, 540 ; *Story's Equity Plead., Secs.* 6, 135, *and authorities in note, pages* 177, 178 ; *Ibid. Sec.* 136, *pages* 179 *to* 182 ; *Bailey vs. Ingles,* 2 *Paige R.* 279; *Story's Equity Plead. Secs.* 205, 206, 207, *pages* 248, 249, 250, *and authorities therein cited* ; *Sec.* 351, *page* 406 *ibid* ; *Hallett vs. Hallett,* 2 *Paige* 15 ; *Muldron vs. Muldron,* 2 *Dana,* 386 ; *Conor vs. Penn,* 5 *Wheat.* 424 ; *Marshall vs. Bailey,* 5 *Wheat.* 313 ; *Walsh vs. Allen,* 2 *A. K. Marsh,* 350 ; *Payne vs. Wallace,* 2 *A. K. Marsh,* 244.

Points and authorities of the Respondent :

*First.*—The court below properly denied the application of appellant to be made a party defendant in this action, because—

*Second*—The affidavit upon which said application was based, was insufficient in that—

A. Said affidavit shows only that said applicant had stated to his Counsel the facts of " *his* " case. He should have stated facts of *the* case to his Counsel. 1 *Whitt. Pr.* 602 ; 3 *How. Pr. Rep.* 413 ; 1 *C. R.* 117 ; 6 *How. Pr. Rep.* 296.

B. Nor does said affidavit show the defence the applicant proposes to set up in the action, if allowed to come in and defend. This is always required in such cases, "that the court may see that the proposed defence is not merely imaginary." 1 *Whitt. Pr.* 452 ; 1 *Barb.* 31 ; 3 *How. Pr.* 350 , 8 *Paige* 135; *Ibid.* 566 ; 10 *Paige* 369 ; 4 *How. Pr.* 5.

C. Nor does it state facts going to show nor even allege that

the applicant can be in any way wronged, or injured, should the relief asked for by the Plaintiff be granted.

*Third.*—It appears by the applicant's own testimony taken upon the hearing of the motion in the court below, that he purchased the first mortgage bond of the Defendants, Minnesota and Pacific Railroad Company, (by virtue of his ownership of which he claims to come in and defend) *since this action commenced and for the express purpose* of procuring an answer to be filed in this action.

This is maintenance at common law and a contempt of court by our Statutes, and is frowned upon by all law, both human and Divine. 2 *Bac. Abr.* 183 ; 6 *do* 414 ; *Ibid.* 415 ; *Title Maintenance* (*E*) ; *Proverbs* 26, 17 ; *Comp. Stat.* 663, *Chap.* 81, *Sect.* 1, *Subd.* 4 ; *Ibid.* 630, *Sect.* 45.

*Fourth.*—The ownership by the applicant of a first mortgage bond of the defendants, Minnesota and Pacific Railroad Company, could in no event entitle him to become a Defendant in this action, which is brought to vacate, set aside, and declare void, an instrument claimed to form part of a certain trust deed, and to prevent a threatened sale thereunder. In such a suit the trustees *represent* the *cestuis que trust,* and the latter are neither necessary, nor properly parties. 1 *C. R.* (*N. S.*) 325 ; (*S. C.* 6 *How. Pr.* 379) ; 4 *Paige* 23 ; 5 *Sand.* 271.

H. J. HORN, Counsel for Appellant.

GEORGE A. NOURSE, Counsel for Respondent.

*By the Court.*—ATWATER, J.   James M. Winslow, the Plaintiff above named, commenced an action in the District Court for the Second Judicial District, for the purpose of setting aside a certain supplemental trust deed made by the Minnesota and Pacific Railroad Company, to certain other Defendants named in the action, and for the purpose of restraining the Governor of the State from selling the road and franchises of the Company. The complaint alleges that the Minnesota and Pacific Railroad Company, previous to the execution of the trust deed, which is sought to be set aside, had issued nine hundred bonds of a thousand dollars each, of which the Plain-

tiff was the owner of five. The Plaintiff alleges that his interests in these bonds were prejudiced by the execution of the supplemental trust deed, and asked to have the same set aside as being void as against him.

After the commencement of this action, William L. Banning made application to the Court to be allowed to become a party Defendant to the action, for the purpose of defending his interest, as holder of one of the bonds issued by the said Railroad Company. He alleged that the trustees named in the supplemental trust deed, did not intend to make defence in the action, but were colluding with the said Railroad Company and the Plaintiff, to have the supplemental trust deed vacated, and the execution of the trust thereunder prevented.

Upon the filing of this petition, an order was made by his Honor Judge Palmer, that the Plaintiff show cause before him, why the said Banning should not be made a party Defendant, and permitted to defend in the action. Upon the hearing on this order, affidavits were read, and counsel heard in opposition to the application, and the testimony of Mr. Banning taken in support thereof. An order was made by the court denying the application, and Mr. Banning appealed therefrom to this court.

The first question presented is, whether the Appellant is a necessary party Defendant in the action, so that no proper decree can be made therein unless he be joined. This action does not differ in substance, from the ordinary creditor's bill to set aside a trust deed for the benefit of creditors, or *cestui que trusts* sustaining other relations to the trustees. It is a general rule in equity that all persons materially interested, either legally or beneficially, in the subject matter of a suit, are to be made parties to it, either as Plaintiffs, or as Defendants, however numerous they may be, so that there may be a complete decree, which shall bind them all. (*Story's Eq. Pl. Sec.* 72 *p.* 86.) But to this rule there are numerous exceptions. And it is held that the expression, that all persons interested in the subject must be parties to the suit, is not to be understood as extending to all persons who may be consequentially interested. (*Mitf'd. Eq. P.C.* 170, 171.) And in *Story's Eq. Plead. Sec.* 142, it is stated that Courts of Equity do not

require that all persons having an interest in the subject matter, should under all circumstances, be before the court as parties. On the contrary, there are cases, in which certain parties before the court are entitled to be deemed the full representatives of all other persons, or at least so far as to bind their interests under the decree, although they are not, or cannot be made parties. And in the same work, *Sec.* 216, it is held, that where there is a general trust for creditors, or others, (as in the case at bar) whose demands are not distinctly specified in the creation of the trust, as their number, as well as the difficulty of ascertaining who may answer a general description, might greatly embarrass the due execution of the trust, courts of equity will dispense with all the creditors, and others interested in the trust, being made direct parties. And if the bill is brought adversely to the trust by a third person, it will be sufficient to make the trustees parties. See also, *Story's Eq. Pl. Sec.* 149; 1 *Dan. Ch. Pr.* 312; *Campbell vs. Watson*, 8 *Ohio* 500; 6 *How. Pr. R.* 379; 11 *Wend.* 187; 5 *Sand.* 271. And the principle seems to be well settled, that in an action by a creditor to reach trust property, in the hands of administrators or trustees who have the control of, and whose duty it is to protect the property, the *cestui que trusts* need not be joined as parties. The defence of the trustees is their defence, and their presence in court is not necessary to the protection of their interests. And indeed the principle seems to be admitted by the appellant himself, in that he does not base his application upon the ground that he is a necessary party to the action, but upon the alleged fact that the trustees were colluding with the Plaintiff and the Railroad Company to avoid the supplemental trust deed.

If then, the Appellant be not a necessary party Defendant in this action, under the rules existing in like causes, the question recurs, whether circumstances exist which render it proper that he should be permitted to defend, as prayed for in his application. We presume there can be no doubt but that a court of equity has power to grant such relief, if facts exist to justify it. But we find no error in the order made by the court below refusing the application. It may well be doubted even, whether the appellant has set forth in his application sufficient facts to

entitle him to an order to show cause. The affidavit of merits embraced in it, tested by strict rules, would be held perhaps defective. But courts of equity in cases of this kind go farther and require the Defendant to exhibit his defence, that the court itself may judge of its sufficiency. (8 *Paige* 135; *ibid* 566; 10 *do.* 369.) This the Appellant has not done, nor has he even alleged that the relief sought by the Plaintiff, if granted, will in any manner prejudice the rights and interests of the applicant. But without dwelling upon these points it is sufficient to remark, that the court below has heard the application upon testimony and affidavits of the parties, and upon these proofs has denied the application. As it was a matter within the discretion of the Judge to allow or refuse it, we cannot interfere with the finding of the court, as it is not claimed there was any abuse of the discretion exercised by the court.

The judgment below is affirmed.