## PIGNOLET *a.* GEER.

*New York Superior Court; General Term, March, 1863.*

### SET-OFF.—FORMER ADJUDICATION.

The denial of a motion to set off judgments is not a bar to an action to compel such set-off.

A debt absolutely assigned to a stranger, pending litigation thereon, and before judgment, cannot, on a motion, be set off against another debt. But in an action such set-off may be allowed.

At law, set-offs are regulated and controlled by the statute, and both demands must be liquidated by judgment, before a set-off can be heard. But in equity, the statute does not control, and the demands need not be liquidated.

Appeal from an order denying a motion for leave to serve an amended complaint; and also for leave to renew a motion for an injunction; and also for an injunction restraining the collection of a judgment in favor of the defendant, Darius Geer, against the plaintiff; and also for leave to make Elias S. Young and James A. Ruthven parties defendants to the action.

The amended complaint, upon which, in part, the motion at special term was founded, alleged that an action was commenced in this court, by the defendant Darius Geer, against the plaintiff, to recover a debt due to Geer, on the 6th of March, 1854; that on the 12th of April, 1855, the plaintiff in that suit recovered a judgment for $761.81; that an appeal was taken thereupon to the general term of this court, where the judgment was affirmed on the 26th February, 1856, and judgment had for costs of the appeal, amounting to $80.26; that the defendant in the judgment appealed to the Court of Appeals, where the judgment was affirmed on the 11th of December, 1858, with costs amounting to $220.33: that the costs of the two appeals were paid to Messrs. Young & Ruthven, who were the plaintiff's attorneys in said suit, but that no part of the judgment for $761.81 had been paid; that the cause of ac-

tion upon which that judgment was recovered, was for work done and materials furnished in erecting a store for the defendant in said suit, in the year 1853, and January, 1854, and that the whole contract price was allowed the plaintiff in that suit; that one Consall did the painting on said building; and that the defendant was indebted to him therefor on the 3d of January, 1854, for which he (Consall) brought suit and recovered judgment on the 28th January, 1856, for $182.31, which had never been paid; that on the 9th of June, 1853, the said defendant was in debt to one Baxter for lumber furnished, upon which he (Baxter) recovered judgment against the said defendant on the 13th of February, 1855, for $546.95, which had never been paid.

The amended complaint further alleged that the last two judgments were, on the 11th of February, 1856, duly assigned to the plaintiff in this action; are in full force and effect, and wholly unsatisfied; and that at that time, and for a long time afterwards, the plaintiff believed that the said judgment against him belonged to the said defendant, Darius Geer, and was ignorant that any other person claimed the same, in whole or in part. That previous to the year 1855, the said Darius Geer became insolvent, and has since continued insolvent.

That the defendant Darius W. Geer, who is a son of Darius Geer, claims to have some interest in the said judgment against the plaintiff; but the plaintiff claims that such right, if any, is subordinate to the right of the plaintiff to have the judgment assigned to him set off against said first-mentioned judgment.

That Young & Ruthven, whom the plaintiff seeks to bring in as parties, also claim some interest in said judgment, but which the plaintiff alleges is subordinate to his aforesaid right of set-off. There were also allegations tending to show that Darius W. Geer gave directions to the attorneys prosecuting the action, prior to obtaining judgment thereon.

The amended complaint further alleged that an execution had been issued upon said judgment against the plaintiff, and is in the hands of the sheriff.

The complaint demanded that the two judgments assigned to the plaintiff might be set-off against the judgment recovered against him by the defendant Darius Geer, and that the de-

fendants might be restrained from taking any proceedings to collect the last-mentioned judgment.

It appeared, in opposition to the motion, that, on the 26th of September, 1854, and before the recovery of the judgment against the plaintiff, the defendant Darius Geer assigned the claim to the defendant Darius W. Geer, for a valuable consideration, who thereafter became the owner of the same, and of the judgment subsequently recovered against the plaintiff. That in January, 1859, a motion was made by the plaintiff, at a special term of this court, to set off these judgments, which was denied. The order was subsequently affirmed by the general term, and afterwards an appeal therefrom was dismissed by the Court of Appeals.

That in November, 1862, a preliminary injunction was granted in this action, which, on the first of December last, was dissolved, upon notice to the plaintiff, at a special term, from which decision no appeal was taken, nor was any leave given to renew the motion.

It further appeared that proceedings supplementary to the executions upon the judgments assigned to the plaintiff had been instituted, and a receiver appointed therein, whereby whatever interest the defendant Darius Geer had in the judgment against the plaintiff was vested in the receiver.

It did not appear that the judgment against the plaintiff had ever been assigned to Darius W. Geer.

The justice before whom the motion was made at the special term held that the decision of the Court of Appeals, upon appeal from an order of the general term of this court, denying, in effect, the plaintiff's motion to set off his two judgments against the judgment which had been obtained against Geer, senior, must be taken as a full and final determination of the rights of the plaintiff upon the one side, and Geer, junior, on the other, as owners of the judgments held by them respectively, and that this court was, therefore, virtually precluded from granting the relief prayed for in the amended complaint, upon the case now made; and even if this were otherwise, he was of opinion that the debts were unliquidated claims at the time of the transfer to the younger Geer, and not the subject of set-off.

From the order entered upon his decision, the plaintiff now appealed.

A. J. *Willard*, for plaintiff, appellant.

J. A. *Ruthven*, for defendant, respondent.

BY THE COURT.*—MONELL, J.—The only facts which we think can be considered on this appeal, as affecting the decision of the motion at special term, are, that a motion has already been made in this court to set off these judgments, which was denied, and that a motion for an injunction in this action has also been denied. So far as any questions arise upon the denial in the opposing papers, of the equities of the plaintiff's case, we are of opinion that such questions should not be disposed of upon a motion, but that the parties should be allowed to sustain their respective allegations by proof at the trial.

The learned justice who decided the motion at special term was of opinion that the decision of the motion in this court, to set off these judgments, was a final determination of the rights of the parties, and that, therefore, the court was precluded from granting the relief demanded by the plaintiff in his amended complaint. This view, we think, was erroneous.

Where one debt is absolutely assigned to a stranger, pending the litigation, and before it is liquidated by a final judgment, the same cannot be set off against the other on a motion. (Gay a. Gay, 10 *Paige*, 369.) And in Barber a. Spencer (11 *Id.*, 517), the chancellor says: "The right of set-off, upon a summary application to a court of law or equity, exists only in cases where the debts on both sides are liquidated by judgment or decree, before the assignment of either to a third person." It is presumed that the decision of the motion, both in this court and the Court of Appeals, was upon the authority of the cases cited and others sustaining the same doctrine. But a court of equity, in an action brought for the purpose, may allow a set-off, where the equitable right to such set-off existed before the assignment to a third person, notwithstanding neither of the demands had at that time been liquidated by judgment or decree. (Cases *supra*, and Ainslie a. Boynton, 2 *Barb. S. C.*, 258; Bradley a. Angel, 3 *Comst.*, 475.)

* Present, MONCRIEF and MONELL, JJ.

A right of set-off at law is regulated and controlled by the statute, and hence, a court of law, or even a court of equity, upon a summary application, can allow the set-off only in those cases authorized by the statute. But in an action brought for a set-off, the right of set-off does not always depend upon the statute, nor upon the question whether both demands are liquidated by judgment. In Gay *a.* Gay (*supra*), the chancellor says: "If an equitable right of set-off exists, while the parties have mutual demands against each other, because the debt due to the party claiming the set-off is so situated that it is impossible for him to obtain satisfaction of such debt by an ordinary suit at law, or in equity, to recover the same, this court, upon a bill filed, will compel an equitable set-off of one debt against the other. And the insolvency of the party against whom the set-off is claimed, is a sufficient ground for the exercise of the jurisdiction of the Court of Chancery, in allowing a set-off in cases not provided for by the statute, although the demands on both sides are not liquidated by judgment or decree, so as to authorize a set-off upon a summary application, by motion." Bradley *a.* Angel, and Ainslie *a.* Boyton (*supra*), are to the same effect.

The decision, therefore, of the motion refusing to allow the set-off, does not preclude the party from obtaining the relief in an action, and he has the right, notwithstanding the denial of the motion, to bring his action upon the equity side of the court, to compel an equitable set-off.

The amended complaint alleges that David Geer became insolvent prior to 1855, and has since continued insolvent. That when he, the plaintiff, took the assignment of the two judgments he seeks to set off, he believed that the judgment against himself belonged to said Geer, and was ignorant that any other person claimed the same, or any part of it. It is further alleged that the claim of the defendant Darius W. Geer, and of Young & Ruthven, to the said judgment, or to some interest in it, is subordinate to the right of the plaintiff to set-off said judgments.

Whether these allegations are sufficient, or whether the proof, upon the trial of the action, will sustain the right of the plaintiff to compel the set-off, are questions which, we think, should not have been determined upon this motion, but should have

been left to be decided at the trial. It is for such reason that we do not feel at liberty to consider the affidavits used by the defendants in opposition to the motion at special term. They show a strong defence to the action, but the plaintiff may, nevertheless, be able to establish on the trial, and to satisfy the court, that he is entitled to the equitable relief he asks for.

For these reasons, we think the plaintiff should have been allowed to serve his amended complaint, and to bring in Young & Ruthven and make them parties defendants in the action.

As the case made by the amended complaint, *prima facie*, is sufficient to authorize the court to compel the set-off of the judgments; and as the judgment compelling such set-off might be ineffectual unless the defendants were restrained from collecting the judgment against the plaintiff, the injunction asked for by the plaintiff should have been granted.

The order appealed from should be reversed.