## In re VOETTER, Bankrupt.

(*District Court, W. D. Pennsylvania.* November 23, 1880.)

1. BANKRUPTCY—SET-OFF.—V. and B. were copartners in the live-stock business. V. was adjudged a bankrupt. At the time of his adjudication he was indebted to B. upon transactions not connected with the partnership. Upon a settlement of the partnership accounts there was a balance thereon due from B. to V. *Held,* that B. had the right to set off against the amount due from him to the bankrupt on the partnership transactions the independent debts due from the bankrupt to himself.

In Bankruptcy. *Sur* exceptions to register's report upon the claim of Ira F. Brainard.

*Thomas C. Lazear,* for exceptions.

*Geo. W. Guthrie, contra.*

ACHESON, D. J. This case comes before the court upon exceptions to the register's report in the matter of the claim of Ira F. Brainard. The question involved is one of set-off. The bankrupt and Brainard, at and prior to the time of the filing of Voetter's petition to be adjudged a bankrupt, were copartners in the cattle or live-stock business. Upon a settlement of the partnership business, since the bankruptcy of Voetter, it appears that a balance is due from Brainard to the bankrupt on the partnership accounts.

At the commencement of the bankruptcy proceedings Brainard held two notes of the banrkupt; one for $1,000, then past due, and one for $5,000, maturing in 30 days,—the consideration of each note being money loaned by Brainard to Voetter. Brainard was also surety for Voetter upon another note not then due. After the bankruptcy Brainard paid on this latter note $3,950.

The learned counsel for Brainard has, I think, fairly stated the question for decision thus: Has Ira F. Brainard the right to set off against the amount due from him to the bankrupt, on a settlement of the partnership business of Voetter & Brainard, the debts due from the bankrupt to himself in transactions not connected with the partnership? The register decided against the right of set-off in an opinion which

is characterized by ability and research. But I am not persuaded, either by the reasoning of the register or the authorities cited by him, of the correctness of his conclusion. What is this case? It is one of mutual dealings—of cross-demands arising *ex contractu*; and, in my judgment, the right of set-off here claimed has its foundation in natural equity. Upon what just principle can Brainard be compelled to pay to the bankrupt's estate the balance in his hands arising from the partnership transactions, and come in with the other creditors for a mere *pro rata* dividend? It is said in *Holbrook* v. *The Receivers, etc.*, 6 Paige, 220, 231, that the natural equity to have mutual but unconnected demands between two parties who have been dealing with each other set off, is, as a general rule, superior to the claims of any other creditor who has not dealt with the insolvent upon the faith of the specific fund against which the right of set-off is claimed.

In *Gay* v. *Gay*, 10 Paige, 369, where one of two copartners in a mercantile firm filed a bill against his copartner for an account and settlement of the partnership transactions, and to obtain his share of the profits of the firm in the hands of the defendant, and the defendant at the time of the commencement of the suit was an indorser for the complainant upon notes on which the holders afterwards recovered judgments against such complainant, and the defendant, who was liable as such indorser, paid the judgments and took an assignment thereof for his protection and indemnity, before the termination of the suit for an account, it was held that the defendant had an equitable claim to have such judgments set off against the balance upon the partnership accounts found due to the complainant, who was insolvent; and this notwithstanding the complainant had assigned all his interest in the suit to a third person, pending the suit, but after the judgments had been assigned to the indorser.

Upon principle and authority, therefore, it may be assumed that, in the absence of bankruptcy proceedings, had Voetter filed a bill against Brainard for the settlement of their partnership transactions, the latter could have availed himself of the set-off he now claims upon showing Voetter's insolvency.

But why should the fact that Voetter has been adjudged a bankrupt prejudice Brainard? Surely, if anything is authoritatively settled, it is that an assignee in bankruptcy takes the bankrupt's estate subject to whatever equities the bankrupt himself was liable to.

On the subject of set-offs the language of the bankrupt law is as follows: "In all cases of mutual debts or mutual credits between the parties the account between them shall be stated, and one debt set off against the other, and the balance only shall be allowed or paid." Section 5073, U. S. Rev. St.

The term *mutual credits* imports something more than that of *mutual debts*. Collyer on Part. § 1008. This has been repeatedly held under the English bankrupt law, which on this subject is substantially the same as ours.

In the leading case of *Rose* v. *Hart*, 8 Taunt. 449, 2 Smith's L. C. 293, it was held that the mutual credits within the meaning of the bankrupt law are credits which must, in their nature, terminate in debts; and this means, not credits which must, *ex necessitate rei*, terminate in debts, but credits which have a natural tendency to terminate thus. Blumenstiel's L. & P. in Bank. 285.

The case of *French* v. *Fenn*, 3 Doug. 257, in principle, is identical with the case in hand. There, Fenn and one Cox and another joined in an adventure to buy and sell pearls; and it was agreed that the money for the purchase should be advanced by Fenn, who was to receive interest from his associates on his advances made for them, and that the profit and loss should be equally divided between the three. Cox became bankrupt, and afterwards Fenn sold the pearls and received the money therefor. In an action by the assignees of Cox, to recover his share of the profits, it was held that Fenn was entitled to set off an independent debt due from Cox to himself.

I find no case arising under our bankrupt law which decides the precise question now before me; but many cases have carried the doctrine of set-off arising from mutual credits as far as I am asked to do here. Thus, *In re Dow*, 14 B.

R. 307, it was decided that a party who held stock of the bankrupt, with a power of sale, as collateral security for a certain debt which was overdue at the commencement of the proceedings in bankruptcy, if he exercised his power of sale after the bankruptcy, had a right to retain the surplus by way of set-off on another claim which he had against the bankrupt.

Is not the equity of Ira F. Brainard as clear as that of the creditor *In re Dow?* It seems to me that it is clearer, and that to deny him the right of set-off would be sheer injustice.

And now, November 23, 1880, the exceptions filed by Ira F. Brainard to the register's report are sustained; and it is adjudged and decreed that the set-off claimed by said Brainard be allowed.