## WESTON et al. v. TURNER et al.

### (Supreme Court, General Term, Fifth Department.  March, 1887.)

1. RES JUDICATA—CLAIMS IN DIFFERENT RIGHTS.

  By a partnership contract, between plaintiff and T., the former was to manufacture into lumber, and sell, timber owned by them in common, and divide the net proceeds.  Afterwards plaintiff furnished T. a quantity of lumber under an agreement by which he (plaintiff) was to charge himself therewith in the joint account, and T. was to pay him by direct remittance, or out of his share in the proceeds of the business.  *Held*, that the indebtedness of T. for the lumber so furnished was due plaintiff individually, and not embraced in the partnership accounts, and plaintiff's claim therefor was not barred by a judgment recovered by T. in an action for a partnership accounting, in which the claim was not adjudicated.

2. SAME—FAILURE TO SET UP COUNTERCLAIM.

  Even if the claim might have been interposed in the partnership accounting as an equitable counterclaim, plaintiff was not bound to interpose it.

3. JUDGMENT—EQUITABLE SET-OFF AFTER ASSIGNMENT.

  Where a judgment creditor is insolvent, the debtor may, in equity, set off against the judgment in the hands of an assignee thereof a demand against the creditor which became due before the assignment.

Appeal from special term, Erie county.

Action by William W. Weston and others against Pamelia W. Turner and Alexander S. Turner.  From an interlocutory judgment entered on an order overruling a demurrer to the complaint, defendant Pamelia. W. Turner appeals.  Affirmed.

Argued before SMITH, P. J., and HAIGHT and BARKER, JJ.

Roswell R. Moss, for appellant.

J. H. Waring, for respondents.

SMITH, P. J.  This is an action in equity to obtain a judgment directing that a claim held by the plaintiffs against Alexander S. Turner, the appellant's codefendant, be set off against a judgment obtained by said Alexander against the plaintiffs herein, and by him assigned to the appellant.  The complaint alleges, in substance, that in 1863 a contract of partnership was made between the plaintiffs, on the one hand, and the defendant Alexander S. Turner and one Ross, on the other, by which the plaintiffs agreed to cut, manufacture into lumber and shingles, and sell, certain timber owned by the parties in common, and, after deducting the expenses of the business, pay one half of the net proceeds to Turner and Ross, and retain to themselves the other half. The plaintiffs also agreed to advance money of their own, from time to time, to and for the benefit of Turner and Ross, which, with interest, was to be repaid to them, either by Turner and Ross directly, or retained by the plaintiffs out of the share of Turner and Ross in the net proceeds of the business, and that such arrangement was in course of performance until 1869, when Ross sold his interest to Turner; that when Turner made that purchase the original arrangement was continued between him and the plaintiffs, Turner succeeding to the one half interest of himself and Ross, and it was also agreed between them that Turner might from time to time order lots of the lumber or shingles, or both,.

for himself and others, and that the plaintiffs should ship the lots so ordered, and charge themselves in the joint account with the value of such shipments, and that Turner should pay the value of shipments either by direct remittance, or out of his share of the net proceeds of the business: that pursuant to said contracts the plaintiffs proceeded with said business, and cut, manufactured, and sold lumber and shingles in large quantities, and lent and advanced to Turner money of their own, and shipped to him and others, on his order, large quantities of lumber and shingles, down to 1878, and that for all the moneys so lent and advanced, and lumber so shipped, down to 1874, he paid them in money, or out of his share of the proceeds; that they rendered accounts to said Turner of the lumber and shingles so shipped by them from January, 1874, to January, 1878, in which he acquiesced, and that there was due to them from him on that account, on the 1st day of January, 1878, the sum of $18,899.42, including interest, which is still due. The complaint further alleges that in April, 1878, Turner commenced an action against the plaintiffs herein to wind up said partnership business, to compel his copartners, the plaintiffs herein, to account, and to establish and recover the amount due him by reason of the partnership transactions; that the plaintiffs, in their answer therein, denied the charges against them in the complaint, and alleged claims on their part against Turner in and about the partnership business and property, claiming that on a fair accounting a balance would be found due them in the partnership transactions, but did not set up or refer to their claim against Turner, before set forth in the complaint herein; that said action was tried by a referee, who reported in favor of Turner, against the plaintiffs therein, for over $60,000 and costs, and judgment was entered accordingly; that said referee declined to pass upon or consider said claim in favor of the plaintiffs herein against Turner because it was not set forth in the answer, nor embraced in the issue, and was not a proper item or matter to be included in the accounting in that action, and as between the parties thereto, as partners. The complaint further alleges that Turner assigned said judgment to the appellant, his wife; that she took such assignment after the plaintiffs' said claim against Turner became due, and subject to and charged with the same; that Turner is insolvent, and the demand will be lost unless it is applied in reduction of said judgment. The appellant demurred to the complaint on the grounds that several causes of action are improperly united; that it appears on the face of the complaint that there is another action pending between the same parties, for the same cause; and that the complaint does not state facts sufficient to constitute a cause of action.

We think the demurrer is not well taken. As we read the complaint, it states but one cause of action, to wit, the facts upon which the plaintiffs claim to be entitled to the set-off which they ask for. All that is alleged respecting the demand against Alexander Turner is by way of description of the claim which they seek to set off, and of the facts attending its origin and character. These averments are neces-

sary for the purpose of showing the validity of the claim, and whether it is of such a nature as that it is not barred by the judgment, and is the subject of equitable set-off. All this is pertinent to the one cause of action above stated. As the appellant is the sole owner of the judgment, she is the only party against whom relief is sought. Whether her husband is a proper party is a question not raised by the demurrer; but, if it were before us, we would say that the propriety of making him a party results from the facts that he was the assignor of the judgment; that the right of set-off, if it exists, accrued while the judgment was in his hands, and his assignment was necessarily made subject to that right; and that the claim asked to be set off exists against him individually, and is sought to be liquidated in this action for the purpose of the set-off.

It does not appear that there is another action pending for the same cause; certainly, not between the same parties, to wit, the plaintiffs and the appellant. But the counsel on both sides have argued the question whether or not the judgment set out in the complaint is a bar to the claim sought to be set off, and we therefore consider it. The action in which the judgment was rendered was brought to settle and adjust the partnership affairs. The claim which the plaintiffs seek to set off in this action was not embraced in the partnership accounts. It belonged to the plaintiffs individually, and not to the partnership. It was for lumber, etc., furnished by the plaintiffs to Turner. True, the lumber was originally partnership property, but by the terms of the agreement made with Turner after he bought out Ross, as alleged in the complaint, the plaintiffs were to charge themselves in the partnership accounts with the lumber so furnished, and on their doing so the lumber was withdrawn from the partnership property, and became their own. In other words, they bought it of the firm, paid the firm for it, and sold it to Turner. Their claim for it did not, and could not, enter into the partnership accounts, and consequently the judgment is not a bar. Whether or not it might have been interposed as an equitable counterclaim in that action, we need not inquire. It was not incumbent on the plaintiffs to do so, and it does not appear to have been done. The right to set off the claim against the judgment, in an action brought for that purpose, is clear, upon the facts stated in the complaint. The demurrer admits that Turner is insolvent, and the demand will be lost unless it is allowed in reduction of the judgment, and when the appellant took the assignment of the judgment the demand was due. The cases are numerous in which an equitable set-off has been allowed in like circumstances. Among them are the cases cited by the respondents' counsel, viz.: Gay v. Gay, 10 Paige, 369; Ainslie v. Boynton, 2 Barb. 258; Davidson v. Alfaro, 80 N. Y. 660; and Littlefield v. Bank, 97 N. Y. 581. The judgment should be affirmed, with costs, with leave to the appellant to withdraw the demurrer, and answer in 20 days, on payment of the costs of the demurrer and of this appeal.

HAIGHT, J., concurs. BARKER, J., not voting.