WESTCHESTER COUNTY.—HON. OWEN T. COFFIN, SURRO-
GATE.—December, 1880.

## BAYLIS *v.* SWARTWOUT.

*In the matter of the estate of* JULIA F. BAYLIS, *deceased.*

A petition under sections 2717, 2718 of the Code of Civil Procedure must
show that there is money or other personal property of the estate ap-
plicable to the payment or satisfaction of the petitioner's claim, and
which may be so applied without injuriously affecting the rights of
others.

Where the petition alleges the existence of such a fund, but also states
that the executor alleges that there is a suit pending in reference to
said fund, the facts required under section 2718, cannot be said to be
proven to the satisfaction of the Surrogate, and the petition must be
dismissed.

A petition under sections 2717 and 2718 should not embody a prayer for an
intermediate accounting by the executor under section 2723, subd. 3.
Such an accounting may be ordered by the Surrogate of his own mo-
tion, but cannot be decreed on a petition under sections 2717 and 2718.

Where an executor, cited to appear under sections 2717 and 2718, upon
the return day files his petition for a settlement of his accounts, under
section 2727, *et seq.*, the proceedings are not consolidated under sec-
tion 2728, but the Surrogate may order the filing of an intermediate
account under section 2723, and direct citations to issue for an ac-
counting under section 2728. The two proceedings are entirely dis-
tinct.

APPLICATION by a legatee for an order directing the
payment of her legacy. The facts appear sufficiently in
the opinion.

G. G. DUTCHER, *for petitioner.*

T. G. SWARTWOUT, *executor, in person.*

THE SURROGATE.—Maria E. Baylis, a legatee, filed a
petition, setting forth that more than eighteen months
have elapsed since the issuing of letters testamentary;
that she is, as such legatee, entitled to the interest of

$2,000, which is in arrears for several years: that the executor had the fund invested on bond and mortgage until 1876, when it was paid in to him; that since that time he refuses to state what has become of it, except that there is a suit pending in regard to it. The prayer of the petitioner is for a decree directing the payment of the amount due to her, and that the executor may be cited to show cause why such decree should not be made, and that upon the return of the citation an order should be made requiring the executor to render an intermediate account.

A citation was thereupon issued, requiring the executor, on December 17, to render an account and show cause why a decree should not be entered, directing him to pay the petitioner the amount claimed to be due to her.

On the return day, the executor filed a petition, under sections 2727, 2728, 2729 of the Code, praying for the judicial settlement of his accounts.

The counsel for the legatee intended to proceed under sections 2717, 2718 of the Code. He should, therefore, have been careful to show, by his petition or otherwise, that there is money or other personal property of the estate, applicable to the payment or satisfaction of the petitioner's claim, and which may be so applied without injuriously affecting the rights of others, as provided by subd. 2 of the last named section. It may be said that inasmuch as the petition, in substance, alleges that the will, after providing for the payment of certain expenses and legacies, directs the remainder to be invested for the benefit of the petitioner; and that there remained, after the payment of said expenses and legacies, the sum

of $2,000, which was invested by the executor accordingly, is sufficient proof of those facts. I am inclined to think this would be so, were it not that the petition shows that the executor alleges there is a suit pending in regard to said sum of $2,000. Where the facts mentioned in subd. 2 are not proven to the satisfaction of the Surrogate, it is made his duty to decree a dismissal of the petition. As the facts stated in the petition do not prove, to my satisfaction, the facts required to be so established, the dismissal of the petition must be decreed.

The petition erroneously, as I think, prays for an order requiring the executor to render an intermediate account, under section 2723, subd. 3. This fact, doubtless, led the clerk of this court into the mistake of requiring the executor, in the citation, to render an account of his proceedings and to show cause why a decree should not be entered, directing the payment of petitioner's claim. It seems to me that the proper course to pursue, under the provisions of the Code, in a case like this, is for the claimant to present a petition, properly verified, under section 2717, in which shall be embodied the facts on which he relies as entitling him to the decree under section 2718, and in which should also be stated the requisite facts under subd. 2 of the last section, or otherwise prove them, and close with praying for that decree simply. Then he would be entitled to the decree, unless the executor or administrator file an answer, as provided by subd. 1. In case of the filing of such answer, or the failure of such proof, then the Surrogate must decree a dismissal of the petition, and, of his own motion, may make an order requiring the executor or administrator,

under subd. 3 of section 2723, to render an intermediate account, but no decree can be entered thereon. In this case, an order for such intermediate accounting should be entered.

The executor has, as already stated, filed a petition praying that his account may be judicially settled, and for the usual citations. This proceeding on his part, he seems to think, effects a consolidation of the two proceedings, under section 2728. In this I think he is mistaken. The last section provides that "upon the return of a citation, issued as prescribed in either of the foregoing sections of this article," he may present a petition, &c. Now, the citation in this matter was not issued under either of those sections, nor is any "prescribed" to be issued under section 2723. The two proceedings are entirely distinct.

The executor must be ordered to file his intermediate account, as the same is defined in section 2514 of the Code, and citations must also be issued, in compliance with the prayer of the petition filed by him.

Ordered accordingly.