WESTCHESTER    COUNTY.—HON.  O.  T.  COFFIN,  SURRO-
GATE.—January, 1881.

## BULKLEY *v.* STAATS.

*In the matter of the estate of* CHARLES CURRY, *deceased.*

The Surrogate has no power to direct the payment of a claim created by
the executor. The jurisdiction of the Surrogate extends only to
claims against the deceased.

Where the will directed the executor to see to the education of the bene-
ficiary, a minor, and to pay for the same, and the guardian of the
minor, with the consent of the executor, placed the minor in peti-
tioner's boarding-school, *Held*, upon the petitioner's application for
an order directing the executor to pay the balance of her bill for the
board and tuition of the minor, that the Surrogate had no jurisdiction
to grant the order.

CHARLES CURRY died in 1871, leaving him surviving a minor child, Ella Curry, and also leaving a last will and testament, disposing of real and personal estate estimated at between nine and ten thousand dollars. By the will Peter Staats was appointed executor, and was requested thereby to provide the said minor with a suitable home, see to her education, and pay for the same out of said estate. Subsequently one Hobart R. Griffin was duly appointed the guardian of said minor. Before September 1, an application was presented by Miss Harriet S. Bulkley, alleging the above facts, and stating that she had for many years kept a boarding-

school for young ladies ; that in 1876 said guardian, with the knowledge and approbation of the executor, placed the said minor at her school to be educated ; that she remained at her school until 1878 ; that her board, tuition, and supplies, during said period, amounted to $984.55, of which $550 had been paid, leaving a balance of $434.55 unpaid, together with interest thereon, and praying for an order directing the payment thereof.

EDWARD C. DELAVAN, *for petitioner.*

FRANKLIN COUCH, *for executor.*

THE SURROGATE.—This application is novel in its character, and should be dismissed unless expressly sanctioned by some statute or fairly to be inferred therefrom.   It is not a claim against the deceased, but has arisen against the executor, or guardian, or both, since his death.   It is a claim based on a contract between the petitioner and the guardian, sanctioned by the executor, and this court is asked to enforce it.   If it had power to do so, it would also have power to adjudicate it if it were contested, as its lack of authority in this respect is confined to claims against the deceased which are disputed. If Surrogates' courts can entertain such applications, why could they not entertain applications, on a proper state of facts, to compel the specific performance of contracts made by executors and guardians ?   In looking into the will in this case, I find that the executor has power to sell and convey the real estate of the deceased.   Suppose he had contracted to sell and convey it to the petitioner and then refused to convey, can it be pretended that this court, on her application to enforce it, would have any

jurisdiction in the premises? Clearly not; and yet it seems to me the cases are parallel. If power exist here to enforce one contract, why not all? Executors, guardians and trustees, in the discharge of their various duties, are constantly making contracts, and if these courts could take cognizance of actions springing from them, there might be little leisure for the discharge of other duties. The power given a Surrogate to regulate and control the conduct of executors, &c., must be exercised in the mode pointed out by some statute. I find no such statute authorizing this proceeding.

The counsel for the petitioner has called my attention to a decision of the learned and distinguished Surrogate CALVIN, of New York, in the Matter of the Estate of Beattie, imperfectly reported in the *Daily Register* of January 12, 1880, and claims for it that degree of consideration to which his utterances are justly entitled. I have great respect for his opinion, and should hesitate long before differing from him on any subject to which his attention had been directed. But I see nothing in the case referred to that leads me to suppose any objection like that discussed here was there interposed. His attention was simply drawn to the question of the liability of the executrices to pay a person not interested in the estate, a claim she made for the boarding and nursing of a minor legatee, during his sickness, and not to his authority to enforce payment.

The application must be dismissed.