WESTCHESTER COUNTY.—HON. OWEN T. COFFIN, SURROGATE.—November, 1883.

HOES V. HALSEY.

*In the matter of the judicial settlement of the account of* ANNIE M. B. HALSEY, *as executrix of the will of* ANTHONY HALSEY, *deceased.*

Although Surrogates' courts have become courts of record, they have not yet come to recognize an "attorney of record."

The claim of an attorney for services rendered to an executor, in the management of the decedent's estate, is against the executor personally. A Surrogate's court having, in general, jurisdiction over executors and administrators only in their representative capacity, and, therefore, no power to compel payment of such a claim, an order to pay would be *brutum fulmen.*

Tompkins v. Moseman, 5 *Redf.*, 402—distinguished.

In Subdivision 11 of § 2481 of the Code of Civil Procedure, which confers power upon a Surrogate "with respect to any matter not expressly provided for in the foregoing subdivisions of this section, to proceed, *in all matters subject to the cognizance of his court,* according to the course and practice of a court, having, by the common law, jurisdiction of such matters, except as otherwise prescribed by statute ; and to exercise such incidental powers as are necessary to carry into effect the powers expressly conferred,"—the italicized words mean "in all matters made, by express provision of statute, subject to the cognizance of his court."

At an advanced stage of a contested accounting on the part of an executrix, it appearing that she wished to substitute another in the place of her attorneys therein, the latter consented that such substitution be ordered on condition that the executrix pay their just charges for services rendered on the accounting, and previously in the management of the decedent's estate, for which order application was accordingly made.—

*Held,* that the statutes confer upon Surrogates no authority touching the compensation of attorneys appearing for parties to special proceedings in their courts ; that the remedy of the attorneys for the recovery of any claim for services was an action against their client in the proper forum ; and that the application must be denied.

Rights and status of attorneys for parties to special proceedings in Surrogates' courts—discussed.

AFTER the accounting in the above matter, which was litigated, had reached an advanced stage, it was announced by Hoes & Morgan, the attorneys for the executrix, that she desired to substitute another attorney in their place ; that they had no objection to such substitution being made, provided their charges against her were first paid. Affidavits were submitted on their behalf tending to show that they had rendered, before the commencement of this proceeding, many and valuable legal services for her, as counsel, in and about the management of the estate, and in conducting litigations for her, in other courts, besides their services rendered on this accounting ; and it was submitted to this court to determine whether it could order such substitution

on condition that the executrix should pay their just charges.

HOES & MORGAN, *for executrix.*

MR. PLEASANTS, *for contesting creditor.*

THE SURROGATE.—Section 2528 of the Code provides that a party of full age, etc., may prosecute or defend a special proceeding in this court, in person or by an attorney regularly admitted, etc., at his election, with certain exceptions. Section 2538 makes provision for the service of certain papers in Surrogates' courts, upon attorneys, as provided by §§ 796–802. This court, being of record, and attorneys being thus authorized to practise therein, it is claimed that it is clothed with sufficient power over its suitors and their attorneys to prescribe the terms on which a change of attorneys may be effected, such as is exercised by other courts. But in attempting to do so, this difficulty is encountered. Surrogates can exercise jurisdiction only over executors and administrators, as such, except that they may, in a proper case, impose costs upon them personally. Here, the claim of the attorneys, hitherto acting for the executrix, is against her personally, and not as executrix. If this court were, therefore, to make an order directing Mrs. Halsey, personally, and not as executrix, to pay those attorneys a certain sum of money for their services rendered, before permitting a substitution, under what provision of the Code would I find the power to compel the payment? Would not the order be a mere *brutum fulmen*, except only as it might have the effect of bringing the proceeding to a halt until the order should be complied with? It is

true that, under section 2672, the Surrogate is authorized, on notice, to direct the payment of funeral expenses, expenses of administration, etc., but that section relates solely to a case of temporary administration. Nor do I think subd. 11 of section 2481, as is insisted by counsel, contains a provision broad enough to reach the case. By it a Surrogate is authorized to proceed in matters not expressly provided for in the preceding subdivisions, in all matters subject to the cognizance of his court, according to the course and practice of courts having, by the common law, jurisdiction of such matters. The difficulty, it seems to me, is that the compelling of the payment of a debt or obligation contracted by an executor or administrator, is nowhere made subject to the cognizance of his court. I think I can no more compel an executor to pay his attorney than I can compel him to pay a school bill contracted by him (Bulkley v. Staats, *4 Redf., 524*). The phrase, "subject to the cognizance of his court," means, I take it, some matter made by some express provision of statute, so subject, as in the case of Tompkins v. Moseman (*5 Redf., 402*), where, although the statute (sec. 2818) conferred upon the Surrogate power to appoint a successor to a sole trustee who had died, yet, because it failed to point out the mode of procedure in such case, who should be cited, etc., it was held that the provision contained in subd. 11 clothed him with the power exercised by courts having, by the common law, jurisdiction in such cases. There the power was conferred, but the mode of its exercise was not indicated. Here, however, no authority is conferred upon Surrogates, touching the compensation of

attorneys; much less the specific power, in that respect, which I am now asked to exercise. They are not "matters subject to the cognizance of this court." A party is permitted to appear by attorney, and certain papers may be served upon the attorney, and that is all. No new power is conferred upon the Surrogate, but the duty to recognize an appearance by attorney imposed.

While this court should not shrink from the exercise of any authority with which it is plainly invested, it should carefully avoid arrogating to itself such as is not sanctioned by the statutes, whose creature it is.

Although these courts have become courts of record, yet they have not yet come to recognize an "attorney of record." In the courts of general jurisdiction, formerly by the rules of practice, and now by various sections of the Code of Civil Procedure, none of which are made applicable to Surrogates' courts, attorneys were and are required to sign process, summonses, notices of appearance, orders of arrest, all pleadings, etc. Before the adoption of our first Code of Practice, all pleadings in the Supreme court were required to be subscribed by the attorney and filed with one of the four clerks of that court, and became records thereof, and the attorneys then became "attorneys of record," and they are still so styled, although the practice is somewhat changed; while here, many of the applications and pleadings may be oral. No law or practice requires that any of the various petitions, citations, answers, objections or process shall be subscribed by an attorney, and if he have one, a subscription by the party suffices; nor is a mere notice of appearance of an

attorney, transmitted by mail or otherwise to this court, of any avail. A party must appear in person, or his attorney must thus appear for him. So, I think, if he appear by one attorney on one hearing, he may appear by another on the next; and the court would have no power to prevent it, but would be obliged to recognize each, and, in either case, permit the hearing to proceed. If I am right in this, then it follows that any attorney, who has been superseded in any matter, must look only to his client for proper compensation in the pending proceeding. Compensation for services rendered before the commencement of the then pending proceeding he would be compelled to seek from the same source, and, on the failure of the client to pay, he could pursue his remedy by an action in the proper forum.

In the present proceeding, if costs shall, at its termination, be awarded, as is probable, to the executrix, she will be entitled to such as may be allowed in a case of contest, and such additional *per diem* allowance for services rendered by any and all of her attorneys throughout the proceeding, as if only one had been at any time engaged therein.

Application denied.