NEW YORK COUNTY.—HON. D. G. ROLLINS, SURROGATE.—August, 1885.

HALL *v.* DUSENBURY.

*In the matter of the estate of* THOMAS DUSENBURY, *deceased.*

The attorneys for a defendant who has recovered a judgment for costs against an administrator, in an action brought by the latter, even though conceded to have an equitable lien thereon by reason of their professional services rendered in recovering the same, have no standing, as "creditors," under Code Civ. Pro., § 2717, providing for a summary application for payment of debts, etc.,—the term "creditor," as used in that section, applying only to persons to whom the decedent was indebted in his lifetime.

A Surrogate's court, to which a petition, for a decree directing payment of a debt by an executor or administrator, is presented under Code Civ. Pro., § 2717, is ousted of jurisdiction by the filing of an answer setting up a claim, not palpably unfounded, of an equitable set-off to the petitioner's demand.

As to whether an attorney for a party to an action has an equitable lien upon a judgment for costs recovered in his client's favor, in the absence of an express agreement as to compensation (Code Civ. Pro., § 66)—*quære*.

PETITION by Hall & Blandy, attorneys and counsellors at law, to compel the administrator of decedent's estate to pay to them two judgments for costs, recovered in favor of petitioners' clients, against respondent in his official capacity. The facts appear sufficiently in the opinion.

WM. K. HALL, *for petitioners.*

IRA D. WARREN, *for administrator.*

THE SURROGATE.—William W. Dusenbury, as administrator of this estate, has appeared in response to a citation directing him to show cause why he should not pay to the petitioners, attorneys at law, two several judgments for costs recovered against him as such administrator, and in favor of petitioners' clients, Charles Dusenbury and Benjamin H. Dusenbury.

It appears that the actions, in which such judgments were obtained, were brought by the administrator to recover certain moneys claimed to belong to this decedent's estate, and to be in the hands of the defendants. The petitioners allege that, at the request of the defendants, they acted as attorneys in said actions, and, as their clients were without means, rendered services as such attorneys " without any fee

or reward whatsoever, but relying upon defeating said administrator in said actions, and thus receiving the ordinary costs and allowances thereon." They further allege that the costs directed to be paid by such judgments "belong to them in law and equity, as attorneys of record for defendants in said action."

This application is founded upon § 2717 of the Code of Civil Procedure, and can only be granted in case,—1st, the petitioners are to be deemed " creditors" within the meaning of § 2717; 2nd, the respondent has failed to file a verified answer, setting forth facts showing that it is doubtful whether the claim of the petitioners is valid or legal, and denying its validity; and, 3rd, it has been shown, to the satisfaction of the Surrogate, that there is money or other personal property of the estate applicable to the payment of the claim, and which may be so applied without injuriously affecting the rights of others.

I think that, in all three of these particulars, the petitioners have failed to establish their demand.

*First.* Assuming that, despite the absence of express agreement permitting them to retain, as a reward for professional services, any judgments for costs that might be recovered by their clients against the administrator, they have, by mere virtue of their employment as attorneys, an equitable lien upon such judgment, as effective in all respects as a direct assignment thereof, I do not think that they can be regarded as " creditors" under § 2717. That section was not intended, as I interpret it, to afford relief to any persons, as creditors, except those to

whom the decedent was indebted in his lifetime (Bulkley v. Staats, 4 *Redf.*, 524).

*Second.* The respondent has filed an answer which denies the validity of the claim, and which, within the decision of Hurlburt v. Durant (88 *N. Y.*, 121), puts its validity at issue, so as to oust the Surrogate of jurisdiction in the premises. It is alleged by that answer that the petitioners' clients are indebted to the estate, in an amount largely exceeding the amount of the judgments, and that, even as against the lien of attorneys, the administrator may succeed in establishing an equitable set-off. The Surrogate is not empowered to determine whether, under the circumstances, such right of set-off exists (Stilwell v. Carpenter, 59 *N. Y.*, 414 ; McNulty v. Hurd, 72 *N. Y.*, 518).

If it were palpably unfounded, the pretence of its existence might be ignored. But that there is some warrant for maintaining it, especially in the absence of an express agreement between the attorneys and their clients that the former should be the owners of the judgments, and in view also of the conceded insolvency of both Charles and Benjamin Dusenbury, see Fitch v. Baldwin (*Clarke Ch. Rep.*, 226); Sanders v. Gillett (8 *Daly*, 183); Davidson v. Alfaro (80 *N. Y.*, 660).

*Third.* It is doubtful, in view of the averments of the answer, whether the petitioners' claim could now be paid without injuriously affecting the rights of other persons interested in the estate (Matter of Charlick's Estate, 11 *Abb. N. C.*, 56 ; Baylis v. Swartout, 4 *Redf.*, 395).

For these causes, the petition must be dismissed.