In the Matter of the Application of WILLIAM K. HALL and CHARLES BLANDY, for Payment of Judgments, Etc., Appellants, v. WILLIAM W. DUSENBURY, as Administrator, Etc., of THOMAS DUSENBURY, Deceased, Respondent.

*Surrogate's Court — who may petition the court as a "creditor" for a decree directing his claim to be paid — Code of Civil Procedure, secs. 2717 and 2718.*

The term "creditor," as used in sections 2717 and 2718 of the Code of Civil Procedure, authorizing a petition to be presented by "a creditor" to the Surrogate's Court, praying for a decree directing an executor or administrator to pay the petitioner's claim, is confined to those persons to whom the deceased was indebted during his lifetime, and the remedy thereby provided is not available to a person recovering a judgment for costs in an action brought by the executors or administrators.

*Bulkley* v. *Staats* (4 Redf., 524) followed.

APPEAL from an order of the surrogate denying an application for an order under section 2717 of the Code of Civil Procedure.

*W. K. Hall,* for the appellants.

*Ira D. Warren,* for the respondent.,

PER CURIAM:

The surrogate denied the motion upon the ground that the* case was not one within the provisions of sections 2717, 2718 of the Code of Civil Procedure. On deciding the case the surrogate pronounced an opinion which in part, is as follows :

ROLLINS, S. — William W. Dusenbury, as administrator of this estate, has appeared in response to a citation directing him to show cause why he should not pay to the petitioners, attorneys-at-law, two several judgments for costs recovered against him as such administrator, and in favor of petitioner's clients Charles Dusenbury and Benjamin H. Dusenbury.

It appears that the actions in which such judgments were obtained were brought by the administrator to recover certain moneys claimed to belong to this decedent's estate, and to be in the hands of the defendants. The petitioners allege that at the request of the defendants they acted as attorneys in said actions, and as their clients were without means, rendered services as such attorneys " without any fee or reward whatsoever, but relying upon defeating said administrator in said actions and thus receiving the ordinary costs and allowances thereon."

They further allege that the costs directed to be paid by such judgments " belong to them in law and equity as attorneys of record for defendants in said action." This application is founded upon section 2717 of the Code of Civil Procedure, and can only be granted in case : 1st. The petitioners are to be deemed " creditors " within the meaning of section 2718. 2d. The respondent has failed to file a verified answer setting forth facts showing that it is doubtful whether the claim of the petitioners is valid or legal, and denying its validity ; and 3d. It has been shown to the satisfaction of the surrogate that there is money or other personal property of the estate applicable to the payment of the claim, and which may be so applied without injuriously affecting the rights of others.

PEOPLE ex rel. VAN HECK v. CATH. PROTECTORY. 127

FIRST DEPARTMENT, OCTOBER TERM, 1885.

I think that in all three of these particulars the petitioners have failed to establish their demand.

*First.* Assuming that despite the absence of express agreement permitting them to retain as a reward for professional services any judgments for costs that might be recovered by their clients against the administrator, they have by mere virtue of their employment as attorneys, an equitable lien upon such judgment as effective in all respects as a direct assignment thereof. I do not think that they can be regarded as "creditors" under section 2718. That section was not intended, as I interpret it, to afford relief to any persons as creditors, except those to whom the decedent was indebted in his lifetime. (*Bulkley* v. *Staats*, 4 Redf., 524.)

Upon the ground considered in this part of his opinion we think the learned Surrogate was correct in his conclusion and the order should be affirmed.

Present — DAVIS, P. J., BRADY and DANIELS, JJ.

Order affirmed.